KEKER, VAN NEST & PETERS LLP
MATAN SHACHAM - # 262348
mshacham@keker.com
WILLIAM S. HICKS - #256095
whicks@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:   415 391 5400
Facsimile:   415 397 7188Wi

Attorneys for Defendant
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JASON FYK,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FACEBOOK, INC.,<br><br>　　　　　Defendant. | Case No. 4:18-CV-05159-JSW<br><br>**FACEBOOK'S OPPOSITION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE**<br><br>Date:　　　April 5, 2018<br>Time:　　　9:00 a.m.<br>Judge:　　　Hon. Jeffrey S. White<br>Dept.:　　　Courtroom 5<br><br>Date Filed　August 22, 2018<br>Trial Date　Not set |

## I.  INTRODUCTION

To support his response to Facebook's motion to dismiss [Dkt. No. 27], Plaintiff requests the Court to take judicial notice of three categories of materials that allegedly are, or were, in the public domain:

> 1. The text of 47 U.S.C. § 230 (Greyber Decl. ¶ 2, Ex. A);
> 2. Screenshots purportedly showing two of Plaintiff's Facebook pages (*Id*. ¶ 3, Ex. B); and
> 3. Copies of news articles, newscasts, and congressional testimony purportedly obtained from the internet (*Id*. ¶¶ 3-5, Exs. C-D).

Dkt. No. 28 (Request for Judicial Notice & Greyber Declaration).

The Court should deny Plaintiff's request in its entirety because Plaintiff has failed to demonstrate that any of these materials are the proper subject of judicial notice.

## II.  LEGAL STANDARD

Courts ordinarily "may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citing *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), overruled on other grounds by *Galbraith v. Cnty of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002)); *see also MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

As a limited exception to that rule, the Court may take judicial notice of matters that are "either (1) generally known within the trial court's territorial jurisdiction or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Minor v. FedEx Office & Print Servs., Inc.*, 78 F. Supp. 3d 1021, 1027 (N.D. Cal. 2015); Fed. R. Evid. 201(b). "Rule 201(b) limits judicial notice to 'indisputable' facts, thus limiting the use of judicial notice to clear cases." *Rollins v. Dignity Health*, 338 F. Supp. 3d 1025 (N.D. Cal. 2018) (quoting 21B Charles Alan Wright & Kenneth W. Graham, Jr., Federal Practice and Procedure (Evidence) § 5102.2 (2d ed. 2005)).

Moreover, because "any evidence considered by the Court must be relevant evidence," courts decline to judicially notice materials that are not relevant to the matter at issue. *Twitter,*

*Inc. v. Sessions*, 263 F. Supp. 3d 803, 806 n. 2 (N.D. Cal. 2017) (denying judicial notice of irrelevant materials that were not from a source whose accuracy could not reasonably be questioned).

### III.     ARGUMENT

None of the materials attached to Plaintiff's response to Facebook's motion to dismiss is properly the subject of judicial notice.

The text of CDA Section 230 (Greyber Ex. A) is not a judicial *fact* and therefore is not the proper subject of judicial notice. To be sure, the Court must apply Section 230(c)(1) in ruling on Facebook's motion to dismiss, but it can and should do so without resort to materials that Plaintiff downloaded from the internet.

The screenshots purportedly showing certain of Plaintiff's Facebook pages (Greyber Ex. B) are also not the proper subject of judicial notice. These materials are not generally known within this Court's territorial jurisdiction, nor are they capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *Minor,* 78 F. Supp. 3d at 1027; Fed. R. Evid. 201(b). Moreover, they are irrelevant. *Twitter*, 263 F. Supp. 3d at 806 n. 2; *Lewis v. Liberty Mut. Ins. Co*., 321 F. Supp. 3d 1076, 1079 n. 1 (N.D. Cal. 2018) (declining to take judicial notice of materials not necessary to resolution of motion). Accordingly, judicial notice is improper and should be denied.

The Court should also decline to grant Plaintiff's request for judicial notice of news articles and other materials falling into the third category. *See* Greyber Exs. C-D. A document is not "judicially noticeable simply because it appears on a publicly available website, regardless of who maintains the website or the purpose of the document." *Rollins v. Dignity Health*, 338 F. Supp. 3d 1025 (N.D. Cal. 2018). Nevertheless, Plaintiff apparently seeks to rely on these inherently unreliable materials as hearsay evidence of what other people are purportedly saying about Facebook. *See, e.g.,* Opp. at 14, n. 13 (citing Ex. C and asserting that "it is not just us talking about Facebook's unfair direct competitive tactics"); *id*. at 14, n. 14 (citing Ex. D. and asserting that "it is not just us talking about Facebook's fraudulent / misrepresentative ways"). Judicial notice should be denied because these materials do not concern facts that are not

2

FACEBOOK'S OPPOSITION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE
Case No. 4:18-CV-05159-JSW

1315509

generally known within this Court's territorial jurisdiction, nor are they capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, nor are they relevant in any way to this action or Facebook's motion to dismiss. *See, e.g., Ruiz v. Gap, Inc.*, 540 F. Supp. 2d 1121, 1124 (N.D. Cal. 2008), *aff'd*, 380 F. App'x 689 (9th Cir. 2010) (declining judicial notice of "a study from an internet site on identity theft, and a list, also from an internet site, of data breach incidents reported in California in the last two years"; noting that "these materials are not remotely akin to the type of facts which may be appropriately judicially noticed").

As an apparent alternative to judicial notice, Plaintiff also urges the Court to consider his proposed materials on the purported basis that "the subject matter of the above-listed materials is referred to in and/or implicated by the Complaint and/or the Motion to Dismiss." Dkt. No. 28 at 2. The Court should decline to do so because the doctrine of incorporation by reference, upon which Plaintiff purports to rely, does not apply here. Under that doctrine, the Court may consider not only documents attached to the complaint, but also documents whose contents are alleged in the complaint, provided that (1) the complaint "necessarily relies" on the documents or contents thereof, (2) the document's authenticity is uncontested, and (3) the document's relevance is uncontested. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *see also Lee*, 250 F.3d at 688–89. Plaintiff has not argued, much less established, that any of these requirements is satisfied. Plaintiff's Complaint does not attach any of these documents, nor does Plaintiff contend that the Complaint "necessarily relies" on them. Moreover, Facebook disputes both authenticity and relevance.

///
///
///
///
///
///

## IV. CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's request for judicial notice in its entirety.

Respectfully submitted,

Dated:  December 28, 2018　　　　　　　　　　　KEKER, VAN NEST & PETERS LLP

By: /s/ *William S. Hicks*
　　MATAN SHACHAM
　　WILLIAM S. HICKS

　　Attorneys for Defendant
　　FACEBOOK, INC.