# EXHIBIT "B"

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JASON FYK,

    Plaintiff,

v.

FACEBOOK, INC.,

    Defendant.

No. C 18-05159 JSW

**ORDER GRANTING MOTION TO DISMISS**

Now before the Court is Defendant Facebook, Inc. ("Facebook")'s motion to dismiss. Plaintiff, Jason Fyk, filed suit under diversity jurisdiction, for intentional interference with prospective economic advantage, violation of California Business and Professions Code section 17200 *et seq.*, civil extortion, and fraud for Facebook's devaluation of Plaintiff's online pages. Plaintiff had used Facebook's free online platform to create a series of, among other amusing things, pages dedicated to videos and pictures of people urinating. In enforcing its community standards, Plaintiff alleges that Facebook blocked content posted by Plaintiff and removed content in order to make room for its own sponsored advertisements. Plaintiff contends these actions by Facebook destroyed or severely devalued his pages.

Facebook moves to dismiss on two bases. First, that the claims are barred by Section 230(c)(1) of the Communications Decency Act ("CDA") which immunizes internet platforms like Facebook for claims relating to moderation of third-party content on the platform such as "reviewing, editing, and deciding whether to publish or to withdraw publication of third-party

1 content." *Barnes v. Yahoo!*, 570 F.3d 1096, 1102 (9th Cir. 2009). Second, Facebook contends that Plaintiff fails to state a cause of action for each of his individual claims.

**ANALYSIS**

Facebook invokes Section 230 of the CDA which "immunizes providers of interactive computer services against liability arising from content created by third parties." *Perkins v. Linkedin Corp.*, 53 F. Supp. 3d 122, 124 (N.D. Cal. 2014) (internal citations omitted). Specifically, Section 230(c)(1) provides that "[n]o provider or user of an interactive service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). Section 230(c)(1) "establish[es] broad federal immunity to any cause of action that would make service providers liable for information originating with a third-party user of the service." *Perfect 10, Inc. v. CCBill LLC*, 481 F.3d 751, 767 (9th Cir. 2007) (internal citations omitted). Immunity extends to activities of a service provider that involve its moderation of third-party content, such as "reviewing, editing, and deciding whether to publish or to withdraw from publication third-party content." *Barnes*, 570 F.3d at 1102.

The immunity, "like other forms of immunity, is generally accorded effect at the first logical point in the litigation process" because "immunity is an immunity from suit rather than a mere defense to liability." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 254 (9th Cir. 2009); *see also Levitt v. Yelp! Inc.*, 2011 WL 5079526, at *8-9 (N.D. Cal. Oct. 26, 2011) (holding that Section 230(c)(1) immunity protects service providers from lawsuits for their "exercise of a publisher's traditional editorial functions."); *see also Fair Housing Council of San Fernando Valley v. Roommates.com, LLC*, 521 F.3d 1157, 1162 (9th Cir. 2008) (holding that Section 230 should be "interpreted to protect websites not merely from ultimate liability, but from having to fight costly and protracted legal battles.").

The CDA immunizes Facebook from suit if three conditions are met: (1) Facebook is a "provider or user of an interactive computer service;" (2) the information for which Plaintiff seeks to hold Facebook liable is "information provided by another information content provider;" and (3) Plaintiff's claim seeks to hold Facebook liable as the "publisher or speaker" of that information. *See*

*Sikhs for Justice "SFJ", Inc. v. Facebook, Inc.*, 144 F. Supp. 3d 1088, 1092-93 (2015) (citing 47 U.S.C. § 230(c)(1); *see also Klayman v. Zuckerberg*, 753 F.3d 1354, 1357 (D.C. Cir. 2014)).

Facebook qualifies as an interactive computer service provider. The CDA defines this element as "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server." 47 U.S.C. § 230(f)(2). Here, the complaint itself alleges that Facebook provides an internet-based platform where millions of users can access third party content, including the content uploaded on Plaintiff's pages. (*See* Complaint ¶ 2.) The first element of the CDA immunity provision is therefor met. *See Sikhs for Justice*, 144 F. Supp. 3d at 1093; *see also Fraley v. Facebook, Inc.*, 830 F. Supp. 2d 785, 801-02 (N.D. Cal. 2011) (finding that Facebook acts as an interactive computer service).

With regard to the second element of the CDA immunity provision, Plaintiff contends that Facebook is not entitled to immunity because although the statute provides immunity for a website operator for the removal of third-party material, here there is no third party as Plaintiff himself contends that he created the content on his pages. This was precisely the argument rejected by this Court in *Sikhs for Justice* which distinguished the reference to "another information content provider" from the instance in which the interactive computer service itself is the creator or developer of the content. 144 F. Supp. 3d at 1093-94. In other words, "the CDA immunizes an interactive computer service provider that 'passively displays content that is created entirely by third parties,' but not an interactive computer service provider by creating or developing the content at issue." *Id.* at 1094. Put another way, "'third-party content' is used to refer to content created entirely by individuals or entities other than the interactive computer service provider." *Id.* (citing *Roommates*, 521 F.3d at 1162). Here, there is no dispute that Plaintiff was the sole creator of his own content which he had placed on Facebook's pages. As a result, those pages created entirely by Plaintiff, qualifies as "information provided by another information content provider" within the meaning of Section 230. *See id*.

Lastly, Plaintiff's claims here seek to hold Facebook liable as the "publisher or speaker" of that third party content. The three causes of action alleged in the complaint arise out of Facebook's decision to refuse to publish or to moderate the publication of Plaintiff's content. To determine

3

whether a plaintiff's theory of liability treats the defendant as a publisher, "what matters is whether the cause of action inherently requires the court to treat the defendant as the 'publisher or speaker' of content provided by another." *Id.* (citing *Barnes*, 570 F.3d at 1101). Consequently, if the duty that the plaintiff alleges was violated by defendant "derives from the defendant's status or conduct as a 'published or speaker,' . . . section 230(c)(1) precludes liability." *Id.* (citing *Barnes* 570 F.3d at 1102). Publication "involves the reviewing, editing, and deciding whether to publish or to withdraw from publication third-party content." *Id.* Thus, "any activity that can be boiled down to deciding whether to exclude material that third parties seek to post online is perforce immune under section 230." *Id.* (citing *Roommates*, 521 F.3d at 1170-71).

Here, all three of Plaintiff's claims arise from the allegations that Facebook removed or moderated his pages. (*See* Complaint ¶¶ 20, 49-73.) Because the CDA bars all claims that seek to hold an interactive computer service liable as a publisher of third party content, the Court finds that the CDA precludes Plaintiff's claims. In addition, the Court concludes that granting leave to amend would be futile in this instance as Plaintiff's claims are barred as a matter of law. *See, e.g., Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend."); *see also Lopez v. Smith*, 293 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (holding that dismissal without leave to amend is justified where "pleading could not possibly be cured by the allegation of other facts.")

## CONCLUSION

For the foregoing reasons, the Court GRANTS Facebook's motion to dismiss without leave to amend. A separate judgment shall issue and the Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: June 18, 2019

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

4