# EXHIBIT "C"

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 12 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JASON FYK, | No.    19-16232 |
| Plaintiff-Appellant, | D.C. No. 4:18-cv-05159-JSW |
| v. | |
| FACEBOOK, INC., | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted June 10, 2020[**]
San Francisco, California

Before:  M. SMITH and HURWITZ, Circuit Judges, and EZRA,[***] District Judge.

Jason Fyk appeals the district court's order and judgment dismissing with

prejudice his state law claims against Facebook, Inc. (Facebook) as barred pursuant

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

to the Communications Decency Act (CDA).  We have jurisdiction pursuant to 28 U.S.C. § 1291.  "We review de novo the district court's grant of a motion to dismiss under Rule 12(b)(6), accepting all factual allegations in the complaint as true and construing them in the light most favorable to the nonmoving party."  *Ebner v. Fresh, Inc.*, 838 F.3d 958, 962 (9th Cir. 2016).[1]  We affirm.

1.       Pursuant to § 230(c)(1) of the CDA, 47 U.S.C. § 230(c)(1), "[i]mmunity from liability exists for '(1) a provider or user of an interactive computer service (2) whom a plaintiff seeks to treat, under a state law cause of action, as a publisher or speaker (3) of information provided by another information content provider.'"  *Dyroff v. Ultimate Software Grp., Inc.*, 934 F.3d 1093, 1097 (9th Cir. 2019) (quoting *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1100–01 (9th Cir. 2009)).  "When a plaintiff cannot allege enough facts to overcome Section 230 immunity, a plaintiff's claims should be dismissed."  *Id.*  The district court properly determined that Facebook has § 230(c)(1) immunity from Fyk's claims in this case.

The first and second requirements for § 230(c)(1) immunity are not in dispute.[2]  Fyk focuses on the third requirement.  He contends that Facebook is not

---

[1] We reject Fyk's argument that the district court impermissibly converted the motion to dismiss into a motion for summary judgment.  The district court did not deviate from the Rule 12(b)(6) standard by alluding to the allegation in Fyk's complaint that Facebook de-published one of his pages concerning urination, nor did that allusion affect the court's analysis.

[2] Fyk concedes that Facebook is the provider of an "interactive computer

entitled to § 230(c)(1) immunity because it acted as a content developer by allegedly de-publishing pages that he created and then re-publishing them for another third party after he sold them to a competitor.  We disagree.

"[A] website may lose immunity under the CDA by making a material contribution to the creation or development of content."  *Kimzey v. Yelp! Inc*., 836 F.3d 1263, 1269 (9th Cir. 2016); *see also Fair Hous.*, 521 F.3d at 1166.  Fyk, however, does not identify how Facebook materially contributed to the content of the pages.  He concedes that the pages were the same after Facebook permitted their re-publication as when he created and owned them.  We have made clear that republishing or disseminating third party content "in essentially the same format" "does not equal creation or development of content."  *Kimzey*, 836 F.3d at 1270, 1271.

That Facebook allegedly took its actions for monetary purposes does not

---

service."  47 U.S.C. § 230(f)(2); *see also Fair Hous. Council v. Roommates.com, LLC*, 521 F.3d 1157, 1162 n.6 (9th Cir. 2008) (en banc) ("[T]the most common interactive services are websites[.]").  He has also not challenged the district court's determination that his claims seek to treat Facebook as a publisher and has therefore waived that issue.  *See Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e will not consider any claims that were not actually argued in appellant's opening brief.").  In any event, it is clear that Fyk seeks to hold Facebook liable as a publisher for its decisions to de-publish and re-publish the pages.  *See Barnes*, 570 F.3d at 1103 ("[R]emoving content is something publishers do . . . . It is because such conduct is *publishing conduct* that we have insisted that section 230 protects from liability any activity that can be boiled down to deciding whether to exclude material that third parties seek to post online." (emphasis in original) (citation and internal quotation marks omitted)).

somehow transform Facebook into a content developer. Unlike 47 U.S.C. § 230(c)(2)(A), nothing in § 230(c)(1) turns on the alleged motives underlying the editorial decisions of the provider of an interactive computer service. We otherwise reject Fyk's argument that his case is like *Fair Housing* because Facebook allegedly "discriminated" against him by singling out his pages. Fyk mistakes the alleged illegality of the particular content at issue in *Fair Housing* with an anti-discrimination rule that we have never adopted to apply § 230(c)(1) immunity.

2.     Contrary to Fyk's arguments here regarding a so-called "first party" and "third party" distinction between §§ 230(c)(1) and 230(c)(2)(A), the fact that he generated the content at issue does not make § 230(c)(1) inapplicable. We have explained that "[t]he reference to 'another information content provider' [in § 230(c)(1)] distinguishes the circumstance in which the interactive computer service itself meets the definition of 'information content provider' with respect to the information in question." *Batzel v. Smith*, 333 F.3d 1018, 1031 (9th Cir. 2003), *superseded in part by statute on other grounds as stated in Breazeale v. Victim Servs., Inc.*, 878 F.3d 759, 766–67 (9th Cir. 2017). As to Facebook, Fyk is "another information content provider." *See Sikhs for Justice "SFJ", Inc. v. Facebook, Inc.*, 144 F. Supp. 3d 1088, 1094 (N.D. Cal. 2015), *aff'd*, 697 F. App'x 526, 526 (9th Cir. 2017).

3.     We reject Fyk's argument that granting § 230(c)(1) immunity to

Facebook renders § 230(c)(2)(A) mere surplusage. As we have explained, § 230(c)(2)(a) "provides an *additional shield* from liability." *Barnes*, 570 F.3d at 1105 (emphasis added). "[T]he persons who can take advantage of this liability shield are not merely those whom subsection (c)(1) already protects, but any provider of an interactive computer service. Thus, even those who cannot take advantage of subsection (c)(1), perhaps because they developed, even in part, the content at issue can take advantage of subsection (c)(2)." *Id*.

4.   Finally, we reject Fyk's argument that Facebook is estopped from relying on § 230(c)(1) immunity based on its purported pre-suit reliance on § 230(c)(2)(A) immunity to justify its conduct. The CDA precludes the imposition of liability that is inconsistent with its provisions. 47 U.S.C. § 230(e)(3).

**AFFIRMED.**