KEKER, VAN NEST & PETERS LLP
PAVEN MALHOTRA - # 258429
pmalhotra@keker.com
MATAN SHACHAM - # 262348
mshacham@keker.com
WILLIAM S. HICKS - # 256095
whicks@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:   415 391 5400
Facsimile:    415 397 7188

Attorneys for Defendant
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON FYK,<br><br>            Plaintiff,<br><br>      v.<br><br>FACEBOOK, INC.,<br><br>            Defendant. | Case No. 4:18-CV-05159-JSW<br><br>**FACEBOOK'S RESPONSE TO MOTION FOR RELIEF PURSUANT TO FED. R. CIV. P. 60(B) TO VACATE AND SET ASIDE ENTRY OF JUDGMENT**<br><br>Date:         July 23, 2021<br>Time:        9:00 a.m.<br>Judge:       Hon. Jeffrey S. White<br>Dept.:        Courtroom 5<br><br>Date Filed:  August 22, 2018<br>Date Closed: June 18, 2019 |

Plaintiff Jason Fyk has had his day in court. On June 18, 2019, this Court properly dismissed his Complaint against Facebook without leave to amend on the ground that Mr. Fyk's claims are barred by Section 230(c)(1) of the Communications Decency Act ("CDA"). *See* Dkt. Nos. 38, 46-2 ("the Order"). The Ninth Circuit affirmed that Order on June 12, 2020 (Dkt. No. 46-3), and the U.S. Supreme Court denied Mr. Fyk's Petition for Writ of Certiorari on January 11, 2021. Dkt. No. 46-4.

Mr. Fyk now asks this Court to vacate and set aside its Order under Rule 60(b)(5) and (6)[1] on the purported basis that there has been an intervening change in the controlling law. Dkt. No. 46. Mr. Fyk is wrong and neither of the provisions upon which he relies has any application here.

Rule 60(b)(5) provides for relief from a final judgment only when "a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application." Fed. R. Civ. P. 60(b)(5). This Court's judgment of dismissal is not based on any "prior judgment"; it was based on sound application of Ninth Circuit precedent. Nor does the Court's order of dismissal have "prospective application" within the meaning of the rule. A judgment has "prospective application" only if "it is executory or involves the supervision of changing conduct or conditions." *Maraziti v. Thorpe*, 52 F.3d 252, 254 (9th Cir. 1995) (internal quotes omitted). This Court's dismissal order is not executory, nor does it require ongoing supervision. "That [Mr. Fyk] remains bound by the dismissal is not a 'prospective effect' within the meaning of rule 60(b)(5) any more than if [he] were continuing to feel the effects of a money judgment against him." *Id*. (quoting *Gibbs v. Maxwell House*, 738 F.2d 1153, 1155–56 (11th Cir.1984), and holding that a dismissal order did not have "prospective application").

---

[1] Fed. R. Civ. P.

Rule 60(b)(6) is also inapplicable here.  Contrary to Mr. Fyk's contentions, there has been no change in controlling precedent, much less has Mr. Fyk shown "extraordinary circumstances" sufficient to overcome the "strong public interest in [the] timeliness and finality of judgments." *Phelps v. Alameida*, 569 F.3d 1120, 1135 (9th Cir. 2009); *In re Pac. Far E. Lines, Inc.,* 889 F.2d 242, 250 (9th Cir. 1989) ("The 'extraordinary circumstances' standard for assessing a Rule 60(b)(6) motion is intended to avoid a mere 'second bite at the apple.'").

The Ninth Circuit's *Enigma* decision, upon which Mr. Fyk relies, concerned application of Section 230(c)**(2)** of the CDA.  *See Enigma Software Grp. USA, LLC v. Malwarebytes, Inc.*, 946 F.3d 1040, 1050 (9th Cir. 2019) ("The legal question before us is whether § 230(c)(2) immunizes blocking and filtering decisions that are driven by anticompetitive animus."), *cert. denied,* 141 S. Ct. 13 (2020).  The *Enigna* decision never mentions CDA Section 230(c)**(1)**, upon which this Court's Order was based, nor does it discuss (much less overrule) controlling Ninth Circuit precedent.  *See* Dkt. No. 38 at 2-4 (citing, *e.g., Barnes v. Yahoo!*, 570 F.3d 1096 (9th Cir. 2009)).

Mr. Fyk also asserts, without any legal basis, that Justice Thomas's "statement respecting the denial of certiorari" of the Ninth Circuit's *Enigna* decision represents a change in controlling precedent.  Dkt. No. 46 at 4.  But this "statement" does not constitute precedent of any sort, much less does it overrule controlling Ninth Circuit authority concerning the application of CDA Section CDA 230(c)(1).  *Cf. Maryland v. Wilson,* 519 U.S. 408, 412–13 (1997) (holding that neither dictum statements nor statements in a concurrence constitute precedent); *Duguid v. Facebook, Inc.,* 2017 WL 3128912, at *3 (N.D. Cal. July 24, 2017) (Ninth Circuit "memorandum disposition" was not precedent and did not change controlling law for purposes of Rule 60(b)(6)). That "statement" is not an opinion.  At most, it constitutes *obiter dictum* concerning a petition for certiorari that the Court denied unanimously even ***before*** denying Mr. Fyk's petition.

Accordingly, Mr. Fyk's meritless Rule 60(b) motion should be denied.

Dated: April 5, 2021　　　　　　　　　　　　KEKER, VAN NEST & PETERS LLP

　　　　　　　　　　　　　　　　By: /s/ *William Hicks*
　　　　　　　　　　　　　　　　　　　PAVEN MALHOTRA
　　　　　　　　　　　　　　　　　　　MATAN SHACHAM
　　　　　　　　　　　　　　　　　　　WILLIAM HICKS

　　　　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　　　　FACEBOOK, INC.