UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON FYK,<br><br>    Plaintiff,<br><br>    v.<br><br>FACEBOOK, INC.,<br><br>    Defendant. | Case No. 18-cv-05159-JSW<br><br>**ORDER DENYING MOTION FOR RELIEF PURSUANT TO FED. R. CIV. P. 60(B)**<br><br>Re: Dkt. No. 46 |

This matter comes before the Court upon consideration of the motion for relief pursuant to Fed. R. Civ. P. 60(b), filed by Plaintiff Jason Fyk. The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the motion suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). For the reasons below, the Court DENIES Fyk's motion.

On June 18, 2019, the Court granted Defendant Facebook's motion to dismiss. (*See* Dkt. No. 38). Fyk now asks the Court to vacate that Order under Federal Rule of Civil Procedure 60(b)(5) and (6), matters within the Court's discretion. *See Wilson v. City of San Jose*, 111 F.3d 688, 691 (9th Cir. 1997).

Under Federal Rule of Civil Procedure 60(b)(5), the Court may relieve a party from a final judgment if "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5). Fyk argues that he is entitled to relief under 60(b)(5) because the Ninth Circuit's opinion in *Enigma Software Group USA, LLC v. Malwarebytes, Inc.*, 946 F.3d 1040 (9th Cir. 2019), *cert. denied*, 141 S.Ct. 13 (2020), and a statement by Justice Thomas in the Supreme Court's denial of certiorari to that Ninth Circuit *Enigma* decision "serve as new legal precedent

undermining this Court's previous findings and conclusions." (Dkt. No. 46, Motion at 5:21-24). Fyk claims that the Court's Order dismissing his suit was based on an earlier judgment that has now been vacated or reversed. Fyk is incorrect. The Order that Fyk seeks to vacate based its conclusion on 47 U.S.C. 230(c)(1). (*See* Dkt. No. 38, Order at 2, 4). By contrast, the Ninth Circuit's *Enigma* opinion did not involve the application of 230(c)(1); instead, the court examined 230(c)(2). *See* 946 F.3d at 1050 ("The legal question before us is whether *§ 230(c)(2)* immunizes blocking and filtering decisions that are driven by anticompetitive animus." (emphasis added)). Thus, *Enigma* did not reverse any case law upon which the Order was based. And neither does Justice Thomas's statement. Justice Thomas's statement, made "respecting the denial of certiorari" to the *Enigma* opinion, is not the holding of the Supreme Court and it therefore does not "constitute[] binding precedent." *See, e.g.*, *Maryland v. Wilson*, 519 U.S. 408, 412-13 (1997) ("We agree with respondent that the former statement was dictum, and the latter was contained in a concurrence, so that neither constitutes binding precedent."). Finally, Fyk has not shown the "extraordinary circumstances" required under 60(b) for granting relief. *See Phelps v. Alameida*, 569 F.3d 1120, 1135 (9th Cir. 2009) ("[T]he exercise of a court's ample equitable power under Rule 60(b)(6) to reconsider its judgment 'requires a showing of 'extraordinary circumstances.'"" (citation omitted)).

Accordingly, the Court DENIES Fyk's motion.

**IT IS SO ORDERED.**

Dated: November 1, 2021

_____
JEFFREY S. WHITE
United States District Judge