**FILED**

OCT 19 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JASON FYK, <br><br>    Plaintiff-Appellant, <br><br> v. <br><br>FACEBOOK, INC., <br><br>    Defendant-Appellee. | No. 21-16997 <br><br>D.C. No. 4:18-cv-05159-JSW <br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted October 17, 2022**
San Francisco, California

Before: McKEOWN, CALLAHAN, and VANDYKE, Circuit Judges.

  Plaintiff-Appellant Jason Fyk seeks review of a district court order denying his motion for relief under Rule 60(b) of the Federal Rules of Civil Procedure to vacate and set aside a judgment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The Federal Rules of Civil Procedure provide that a Rule 60(b) motion "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). "What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981) (per curiam). This court reviews the denial of a motion for relief from judgment under Rule 60(b) for an abuse of discretion. *See, e.g.*, *Riley v. Filson*, 933 F.3d 1068, 1071 (9th Cir. 2019).

The gravamen of Fyk's Rule 60(b) motion is that our court's holding in *Enigma Software Group USA, LLC v. Malwarebytes, Inc.*, 946 F.3d 1040 (9th Cir. 2019), constituted a substantial change in controlling law with respect to section 230 of the Communications Decency Act, which Fyk alleges resuscitates his dismissed claims. *See* 47 U.S.C. § 230. But Fyk did not pursue his Rule 60(b) motion within a "reasonable time." First, he failed to raise any argument based on the *Enigma* decision to *this court*, even though his first appeal was pending for nine months after the *Enigma* decision first issued. Second, he waited nine additional months before bringing *Enigma* to the district court's attention. In total, Fyk waited over a year and a half before making any argument that *Enigma* had changed the law to either this court or the district court.

The district court dismissed Fyk's complaint on June 18, 2019, and Fyk filed

his first appeal the next day. Our court's *Enigma* decision—which Fyk now alleges constituted a change in controlling law—first issued on September 12, 2019, nearly a week before Fyk submitted his opening brief in that appeal. *See Enigma*, 938 F.3d 1026, 1036–38 (9th Cir. 2019).[1] Our court issued a decision affirming the district court on June 12, 2020, nine months after the *Enigma* decision was first issued, and more than five months after it was reissued. *See Fyk v. Facebook, Inc.*, 808 F. App'x 597 (9th Cir. 2020). Fyk had ample opportunity to submit a Rule 28(j) letter during this period but never did so.

Fyk then waited more than nine additional months before filing his Rule 60(b) motion in the district court on March 22, 2021. Fyk offers no excuse for this significant delay and we see no reason why he could not have either raised his *Enigma* argument in his first appeal or made his Rule 60(b) motion much earlier. Accordingly, the district court did not abuse its discretion in denying Fyk's Rule 60(b) motion.

**AFFIRMED.**

---

[1] The *Enigma* opinion was later amended and reissued on December 31, 2019, nearly a week before Fyk submitted his reply brief. *See Enigma*, 946 F.3d 1040 (9th Cir. 2019), *cert denied*, 141 S. Ct. 13 (2020). But the initial and amended decisions do not materially differ with respect to the arguments made by Fyk.