1  KEKER, VAN NEST & PETERS LLP
   PAVEN MALHOTRA - # 258429
2  pmalhotra@keker.com
   MATAN SHACHAM - # 262348
3  mshacham@keker.com
   WILLIAM S. HICKS - # 256095
4  whicks@keker.com
   633 Battery Street
5  San Francisco, CA 94111-1809
   Telephone:   415 391 5400
6  Facsimile:   415 397 7188

7  Attorneys for Defendant
   Meta Platforms, Inc.
8

9                   UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11  JASON FYK,                          Case No. 4:18-CV-05159-JSW

12          Plaintiff,                  **META PLATFORMS, INC. (F/K/A FACEBOOK, INC.) RESPONSE TO PLAINTIFF JASON FYK'S MOTION FOR RELIEF PURSUANT TO FED. R. CIV. P. 60(B) TO VACATE AND SET ASIDE ENTRY OF JUDGMENT**

13          v.

14  FACEBOOK, INC.,

15          Defendant.
                                        Judge:   Hon. Jeffrey S. White
16                                      Dept.:   Courtroom 5

17                                      Date Filed:  August 22, 2018
                                        Date Closed: June 18, 2019
18

19

20

21

22

23

24

25

26

27

28

META PLATFORMS, INC.'S RESPONSE TO SECOND RULE 60(B) MOTION TO VACATE
JUDGMENT
Case No. 4:18-CV-05159-JSW

2197180

## I. INTRODUCTION

For six years, Jason Fyk has burdened the Federal courts with frivolous lawsuits stemming from an alleged decision by Facebook, Inc. (now known as Meta Platforms, Inc.) in 2016 to remove some of Mr. Fyk's Facebook pages. This Court, the United States District Court for the District of Columbia, the Ninth Circuit Court of Appeals, and the United States Supreme Court have all heard—and *denied*—Mr. Fyk's numerous requests for relief. No matter, Mr. Fyk continues apace and indeed appears to revel in generating a stream of baseless legal filings.[1] Before this Court is Mr. Fyk's latest—a *second* Rule 60(b) motion requesting the Court vacate and set aside its June 2019 dismissal order on the purported basis that there has been an intervening change in the controlling law.[2]

Mr. Fyk's motion—like all his prior filings—is meritless. The law governing 47 U.S.C. § 230(c)(1) today remains the same as it did when the Court dismissed Mr. Fyk's complaint in 2019 and when it denied his last Rule 60(b) motion in 2021. In fact, notwithstanding the fact the United States Supreme Court considered changing the governing interpretation of 47 U.S.C. § 230(c)(1) in *Gonzalez v. Google*, it elected *not* to do so and left the lower court jurisprudence undisturbed. 143 S. Ct. 1191, 1192 (2023) ("We therefore decline to address the application of § 230 to a complaint that appears to state little, if any, plausible claim for relief."). !

Defendant Meta respectfully requests this Court deny Mr. Fyk's Rule 60(b) motion.

## II. PROCEDURAL HISTORY

Mr. Fyk filed his lawsuit against Meta (then known as Facebook, Inc.) in 2018. Meta filed a motion to dismiss, which this Court granted without leave to amend in June 2019.[3] The Court held that Mr. Fyk's claims are barred by Section 230(c)(1) of the Communications Decency Act ("Section 230"). The Ninth Circuit affirmed that Order on June 12, 2020.[4] Undeterred, Mr. Fyk

---

[1] He gleefully exclaimed "Round 3 begins!" to his Twitter followers two days after filing his most recent motion. *See* https://twitter.com/jasonfyk?lang=en (post dated June 18, 2023).

[2] Dkt. 61.

[3] *See* Dkts. 38, 46-2 ("the Order") (reported at *Fyk v. Facebook, Inc.*, 2019 WL 11288576, at *3 (N.D. Cal. June 18, 2019)).

[4] Dkt. 46-3 (reported at *Fyk v. Facebook, Inc.*, 808 F. App'x 597 (9th Cir. 2020))

filed a petition for hearing *en banc*, which was denied.[5] In 2020, Mr. Fyk sought review at the Supreme Court. Mr. Fyk's petition was denied.[6]

The following year, Mr. Fyk returned to this Court and in March 2021 filed a motion pursuant to Rule 60(b) to vacate the District Court's 2019 Order. Mr. Fyk asserted that "new legal precedent" entitled him to relief, namely the Ninth Circuit's decision in *Enigma Software Group USA, LLC v. Malwarebytes, Inc.*,[7] and a statement by Justice Clarence Thomas in the Supreme Court's denial of *certiorari* in the *Enigma* matter. That motion was denied after this Court determined that *Enigma* involved a section of the Communications Decency Act other than §230(c)(1),[8] Justice Thomas's statement was not binding authority, and Mr. Fyk failed to show any "extraordinary circumstances" that would entitle him to relief under Rule 60(b).[9] The Ninth Circuit affirmed that order last October, and the Supreme Court again denied *certiorari* in April of this year.[10]

Meanwhile, in May of 2022, Mr. Fyk launched yet another offensive. Unsuccessful in his prior suits against Meta, he filed suit against the United States asserting that Section 230 is unconstitutional.[11] The United States moved to dismiss for lack of standing. The United States District Court for the District of Columbia granted that motion on June 9, 2023.[12]

One week later, Mr. Fyk ran back to this Courthouse and now, for a second time, requests this Court vacate its original order dismissing his suit and cites six non-binding, inapplicable decisions. As explained below, none of these decisions marks a change in the law that would justify vacating or setting aside this Court's judgement in favor of Meta.

---

[5] *Fyk v. Facebook, Inc.*, Case No. 19-16232, Dkt. 42 (9th Cir. July 21, 2020)
[6] *Fyk v. Facebook, Inc.*, 141 S. Ct. 1067 (2021) (*cert. denied*).
[7] 946 F.3d 1040 (9th Cir. 2019), *cert. denied*, 141 S. Ct. 13 (2020)
[8] 47 U.S.C. § 230(c)(2) and not 47 U.S.C. § 230(c)(1).
[9] *Fyk v. Facebook, Inc.*, 2021 WL 5764249, at *1 (N.D. Cal. Nov. 1, 2021) (denying motion to vacate).
[10] *Fyk v. Facebook, Inc.*, 2022 WL 10964766 (9th Cir. Oct. 19, 2022), *cert. denied*, 2023 WL 2959399 (U.S. Apr. 17, 2023).
[11] *Fyk v. United States of America*, Case No. 1:22-cv-01144, Dkt. 2 (D. D.C. May 2, 2022)
[12] *Fyk. v. United States of America*, 2023 WL 3933719 (D. D.C. June 9, 2023).

III.   **LEGAL STANDARD**

Plaintiff moves for relief under Rules 60(b)(5) and 60(b)(6). They provide:

Rule 60(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party of its legal representative from a final judgment, order, or proceeding for the following reasons:

> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

> (6) any other reason that justifies relief. Fed. R. Civ. Proc. §§ 60(b)(5), 60(b)(6).

"Rule 60(b)(5) does not authorize relief from a judgment on the ground that the *law* applied by the court in making its adjudication has been subsequently overruled or declared erroneous in another and unrelated proceeding" *Lowry Develop., L.L.C. v. Groves & Assocs. Ins., Inc.*, 690 F.3d 382, 386 (5th Cir. 2012). A judgment has "prospective application" only if "it is executory or involves the supervision of changing conduct or conditions." *Maraziti v. Thorpe*, 52 F.3d 252, 254 (9th Cir. 1995) (internal quotes omitted). A court dismissal of claims is not executory, nor does it require ongoing supervision. "That plaintiff remains bound by the dismissal is not a 'prospective effect' within the meaning of [R]ule 60(b)(5) any more than if plaintiff were continuing to feel the effects of a money judgment against him." *Id*. (quoting *Gibbs v. Maxwell House,* 738 F.2d 1153, 1155–56 (11th Cir. 1984).

As for Rule 60(b)(6), its application is limited to "extraordinary circumstances" given the "strong public interest in [the] timeliness and finality of judgments." *Phelps v. Alameida*, 569 F.3d 1120, 1135 (9th Cir. 2009); *Anderson v. Arnold*, 2017 WL 977590, at *2 (E.D. Cal. Mar. 14, 2017) ("The 'extraordinary circumstances' standard for assessing a Rule 60(b)(6) motion is intended to avoid a mere 'second bite at the apple.'").

IV.   **ARGUMENT**

Plaintiff rests his Rule 60(b) motion on the supposed issuance of "[n]ew law that directly

impacts the outcome of this case[.]"[13] More specifically, Plaintiff cites six cases: three appellate decisions, two district court decisions, and a Supreme Court *certiorari* denial. As noted above, even "new law[,]" by itself is not necessarily sufficient to merit relief under Rule 60(b). But as explained below, the Court can sidestep that question because none of the cases Mr. Fyk cites breaks new ground. None of these decisions altered the applicable legal framework for interpreting Section 230(c)(1) and consequently none provides any basis for disturbing the Court's June 2019 order dismissing Mr. Fyk's case. In any event, even if these decisions did create new law, Mr. Fyk's motion should be denied because it is untimely under Rule 60(c).

### A. Court of Appeals Decisions

Plaintiff cites three appeals court decisions, none of which is applicable to the present matter.

#### 1. *Lemmon v. Snap, Inc.*, 995 F.3d 1085 (9th Cir. 2021)

Plaintiff cites the Ninth Circuit's May 2021 decision in *Lemmon v. Snap* and urges this court to "pay attention to it"[14] without ever explaining the holding or its application to this matter. The *Lemmon* decision is inapplicable. In *Lemmon*, plaintiffs sued Snap, maker of the Snapchat mobile application, for claims arising from a feature that Snapchat designed called the "Speed Filter," which enabled users to record their driving speed and post it on their Snapchat account. The Ninth Circuit held the filter and Snap's alleged system of incentivizing users to use the filter worked together to encourage Snapchat users to drive at excessive speeds and then post photos or videos.[15] The Ninth Circuit made clear that the facts in *Lemmon* did not involve Snap's role in "editing, monitoring, or removing of the content that its users generate through Snapchat."[16] In *Lemmon*, the harm could occur even if the photo or video was not shared because the allegation was that individuals were incentivized by the filter to drive at unsafe speeds. *Id*. The Ninth Circuit held that if the claims had sought to hold Snap liable for publishing user content, those claims

---

[13] Dkt. 61 at 25.
[14] *Id*. at 5 n. 6.
[15] *Lemmon v. Snap, Inc.*, 995 F.3d 1085, 1091–92 (9th Cir. 2021).
[16] *Id*. at 1092.

would fall outside its decision and would be barred by Section 230(c)(1).[17]

By contrast, here the Court held in its June 2019 order that Mr. Fyk's claims rested upon the precise sort of claim that the Ninth Circuit held it was *not* addressing and that would be barred by Section 230—decisions regarding what content to publish.[18]

### 2. *Henderson v. The Source for Public Data LP*, 53 F. 4th 110 (4th Cir. 2022)

Plaintiff cites the Fourth Circuit's November 22, 2022 decision in *Henderson v. The Source for Public Data*. Notably, Plaintiff brought this decision to the Ninth Circuit's attention last November, but the Ninth Circuit was unmoved to offer any relief.[19]

In *Henderson*, the Fourth Circuit held that companies that collected and sold public records could be liable under the Fair Credit Reporting Act and not avail themselves of protections under Section 230 because they were not mere forums for uploading information but were information content providers themselves. Mr. Fyk suggests that in *Henderson* the Fourth Circuit "vacated" its earlier decision in *Zeran v. America Online, Inc.*, 129 F.3d 327 (4th Cir. 1997). Not true—the Fourth Circuit panel in *Henderson* did not overrule *Zeran*. Regardless, *Henderson* is inapplicable because the court noted that it was explicitly *not* addressing the applicability of Section 230(c)(1) in situations where, as is the case here, a plaintiff seeks to impose liability based on a defendant's decision not to publish certain content.[20]

Moreover, the Fourth Circuit's decision in *Henderson* is not binding precedent and, as another court in this District has already noted, "the Fourth Circuit's narrow construction of Section 230(c)(1) appears to be at odds with Ninth Circuit decisions indicating that the scope of the statute's protection is much broader." *Divino Grp. LLC v. Google LLC,* 2023 WL 218966, at

---

[17] *Id*. at 1093 n.4.

[18] *See* Dkt. 38 at 4 ("Here, all three of Plaintiff's claims arise from the allegations that Facebook removed or moderated his pages.").

[19] *Fyk v. Facebook, Inc.*, Case No. 21-16997, Dkt. 38-1 (9th Cir. Nov. 7, 2022).

[20] *Henderson v. Source for Pub. Data, L.P.*, 53 F.4th 110, 125 n. 18 (4th Cir. 2022).

*2 (N.D. Cal. Jan. 17, 2023).[21]   Because Ninth Circuit decisions, including *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096 (9th Cir. 2009)—which this Court cited in its June 2019 order—remain controlling precedent, nothing in *Henderson* constitutes a change in the law that binds this Court. Consequently, *Henderson* does not mark a change in the law that would entitle Mr. Fyk to seek Rule 60(b) relief.

   **3.**  ***Jarkesy v. Sec. & Exch. Comm'n*, 34 F.4th 446 (5th Cir. 2022)**

  Plaintiff next cites the Fifth Circuit's decision in *Jarksey v. Sec. & Exch. Comm'n*. But that case is inapplicable. It concerns the constitutionality of the SEC's adjudication of fraud claims via administrative proceedings. But no administrative agency is at issue in Mr. Fyk's claim and, more importantly, the Fifth Circuit issued no ruling concerning Section 230.

  **B.**  **District Court Decisions**

  Mr. Fyk cites two cases from the Northern District—*Rumble Inc. v. Google, LLC*, 2022 WL 3018062 (N.D. Cal. July 29, 2022) and *DZ Reserve v. Meta Platforms, Inc.*, 2022 WL 912890 (N.D. Cal. Mar. 29, 2022). The former is a Sherman Act antitrust matter. The latter is a class action alleging Meta committed various torts and UCL violations by allegedly providing its advertisers inaccurate metrics regarding the potential audience for their advertisements. Notably, neither case broke new ground interpreting Section 230. In fact, Mr. Fyk does not identify *any* orders from those cases that even address Section 230. Consequently, neither provides any basis for the Court to vacate its June 2019 order.

  **C.**  ***Certiorari* Denial**

  Finally, Mr. Fyk cites the Supreme Court's decision denying *certiorari* in *Doe v. Facebook, Inc.*, 142 S. Ct. 1087 (2022). There, Justice Thomas wrote that he concurred with the denial but suggested that "the proper scope of immunity under § 230" should be addressed in a

---

[21] *See also Bride v. Snap Inc.*, 2023 WL 2016927, at *7 n. 6 (C.D. Cal. Jan. 10, 2023) ("To the extent the Fourth Circuit's decision in *Henderson v. The Source of Public Data*, 53 F.4th 110, 122 (4th Cir. 2022), in which the Fourth Circuit Court of Appeal reinterpreted its prior conception of "publication" under § 230(c)(1) in *Zeran v. America Online, Inc.*, 129 F.3d 327 (4th Cir. 1997)), is implicated here, the court finds it unpersuasive in light of broader view adopted by the Ninth Circuit, *see, e.g.,* [*Fair Hous. Council of San Fernando Valley v.*] *Roommates*, 521 F.3d [1157,] at 1170-71[(9th Cir. 2008)]; *see also Monsarrat v. Newman,* 28 F.4th 314, 320 (1st Cir. 2022).").

later case. *Id.* at 1089. Justice Thomas made no new pronouncement about Section 230 nor could he; a statement by a single Justice in a *certiorari* denial does not create new law, much less create binding precedent for this Court. *Maryland v. Wilson*, 519 U.S. 408, 412–13 (1997) ("We agree with respondent that the former statement was dictum, and the latter was contained in a concurrence, so that neither constitutes binding precedent."). Notably, following the *certiorari* denial in *Doe,* the Supreme Court did invite briefing and oral argument on the scope of Section 230 in *Gonzalez v. Google*. But the Court ultimately elected not to disturb any lower court decisions interpreting Section 230. 143 S. Ct. at 1192. In short, *Doe* provides Mr. Fyk no relief.[22]

### D. Mr. Fyk's Rule 60(b) motion is untimely.

Although none of the cases Mr. Fyk cites created new law or provides any other basis for this Court to disturb its prior dismissal, even if they did, the motion should be denied for another reason: it is untimely. Under Rule 60(c), a motion for relief under Rule 60(b) "must be made within a reasonable time." Notably, the Ninth Circuit last fall affirmed this Court's first Rule 60(b) denial because Mr. Fyk acted too late in raising a challenge based on the *Enigma Software Group* case. *See Fyk*, 2022 WL 10964766, at *2 (affirming this Court's prior Rule 60(b) dismissal because Mr. Fyk untimely raised the *Enigma Software Group* case *nine months* after the decision was issued). The court decisions Mr. Fyk relies upon were decided eight months[23] to two years ago.[24] Mr. Fyk could have but failed to act sooner than he did.

## V.  CONCLUSION

Mr. Fyk's meritless Rule 60(b) motion—now his second—should suffer the same fate as his first: denial. Given Mr. Fyk's litigation history, Defendant is understandably concerned that denial of his motion will inevitably result in an appeal to a Ninth Circuit panel, followed by a request for rehearing *en banc* by the Ninth Circuit, followed by a *certiorari* petition to the United

---

[22] *Cf. Maryland v. Wilson,* 519 U.S. 408, 412–13 (1997) (holding that neither dictum statements nor statements in a concurrence constitute precedent).

[23] *Henderson v. The Source for Public Data, L.P.*, 53 F. 4th 110 (4th Cir. 2022).

[24] *Lemmon v. Snap, Inc.*, 995 F.3d 1085 (9th Cir. 2021).

States Supreme Court, followed by return to this Court for a third Rule 60(b) motion based upon any new cases addressing Section 230 that issue in the interim. Federal court can "regulate the activities of abusive litigants by imposing carefully tailored restrictions . . . under appropriate circumstances." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990). "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *Id*. at 1148. Should the Court not use its inherent powers to control its docket and Mr. Fyk's ability to clog that docket with frivolous filings, Defendant respectfully requests the Court remind Mr. Fyk—who is represented by counsel—of the stringent requirements of Rule 11(b) and its requirement that no filing be "presented for an improper purpose."

Dated: June 30, 2023

KEKER, VAN NEST & PETERS LLP

By: /s/ *Paven Malhotra*
PAVEN MALHOTRA
MATAN SHACHAM
WILLIAM HICKS

Attorneys for Defendant
Meta Platforms, Inc.