1  JEFFREY L. GREYBER (Pro Hac Vice Admitted)
   Email:        jgreyber@pmzlaw.com
2  POLI, MOON & ZANE, PLLC
   7016 Charleston Shores Blvd, #8
3  Lake Worth, FL  33467
   Telephone:    (602) 857-8180
4  Facsimile:    (561) 834-2504

5  CONSTANCE J. YU (SBN 182704)
   E-mail:       cyu@plylaw.com
6  PUTTERMAN | YU | WANG LLP
   345 California Street, Suite 1160
7  San Francisco, CA 94104-2626
   Telephone:    (415) 839-8779
8  Facsimile:    (415) 737-1363

9  *Attorneys for Plaintiff Jason Fyk*

10

11                    **UNITED STATES DISTRICT COURT**

12                **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

13  JASON FYK,                              Case No. 4:18-cv-05159-HSG

14              *Plaintiff*,                **F.R.C.P. 5.1 MOTION RE: THE (UN)CONSTITUTIONALITY OF**
15       v.                                 **47 U.S.C. § 230(c)(1)**

16  FACEBOOK, INC.,                         **BEFORE:  HON. H.S. GILLIAM, JR.**

17              *Defendant*.                **LOCATION:  OAKLAND, CT. 2, FL. 4**

18

19

20

21

22

23

24

25

26

27

28

**INTRODUCTION**

Plaintiff, Jason Fyk ("Fyk"), pursuant to Federal Rule of Civil Procedure 5.1(a)(1)(A) and Title 28, United States Code, Section 2403(a), respectfully moves this Court for a determination that Title 47, United States Code, Section 230(c)(1) is unconstitutional as applied by the District Court.[1] From the onset of this litigation, Fyk has been faced with an opposition (Defendant, Facebook, Inc., "Facebook") and California federal court system (namely, District Court Judge Jeffrey S. White, who recently recused himself as disqualified approximately six years into this lawsuit) who have prescribed to many aberrant notions concerning Section 230. Such aberrations came to a head with the most recent position taken by Facebook and embraced by the District Court – that the "Good Samaritan" intelligible principle / general provision overarching all of Section 230(c) is not a *general* provision; *i.e.*. the "Good Samaritan" intelligible principle / general provision overarching all of Section 230 only applies to Section 230(c)(2) (not to Section 230(c)(1)).[2]

The Ninth Circuit has reiterated the standard for when a statute is "drawn into question," citing the Supreme Court's language in *United States v. Lynch*:

> The validity of a statute is not drawn in question every time rights claimed under such statute are controverted, nor is the validity of an authority, every time an act done by such authority is disputed. The validity of a statute or the validity of an authority is drawn in question when the existence, or constitutionality, or legality of such statute or authority is denied, and the denial forms the subject of direct inquiry.

---

[1] Subsection 230(c)(1) is part of a grander federal statute called the Communications Decency Act ("CDA"), Title 47, United States Codes, Section 230. Enacted in 1996, the CDA was, at its root, designed to guard America's youth from offensive material on the Internet.

[2] *See* Apr. 5, 2021, Facebook Response to Motion for Relief Pursuant to Fed. R. Civ. P. 60(b) to Vacate and Set Aside Entry of Judgment [D.E. 47], at 3 (wherein Facebook argued that the Ninth Circuit's *Enigma* holding as to the application of the "Good Samaritan" intelligible principle in relation to Section 230(c)(2) was limited to Section 230(c)(2); *i.e.*, that the "Good Samaritan" intelligible principle of Section 230(c) does not apply to Section 230(c)(1)); *see also* Nov. 1, 2021, Order [D.E. 51] at 2 (same). On appeal, the Ninth Circuit did not address this issue, which was the sole issue before the Ninth Circuit. Rather, on the most recent appeal, the Ninth Circuit punted – the Ninth Circuit *sua sponte* determined that the last round of Rule 60(b) proceedings carried out by Fyk was somehow untimely / time-barred (an argument / topic that neither Facebook nor the District Court had brought up in underlying proceedings). *See* Oct. 19, 2022, Memorandum [D.E. 54], *Fyk v. Facebook, Inc.*, No. 21-16997 (9th Cir.).

*Anderson v. Municipality of Anchorage*, No. 3:21-cv-00139-JMK, 2023 WL 2932962, *1 (D. Alaska Apr. 13. 2023) (citing *Peruta v. Cnty. of San Diego*, 771 F.3d 570, 575 (9th Cir. 2014), quoting *U.S. v. Lynch*, 137 U.S. 280, 285 (1890)). This constitutional challenge ("CC") does not question Facebook's exercising of authority or related immunity under Section 230(c)(1); rather, this CC questions the validity of Section 230(c) itself. *Anderson* at *1. In determining that the "Good Samaritan" intelligible principle / general provision overarching all of Section 230(c) is not "general" because such intelligible principle purportedly only applies to Section 230(c)(2)(A) (not Section 230(c)(1)), the District Court has "denied" the constitutionality and / or legality of Section 230(c) (namely, has denied the existence of Section 230(c)'s "Good Samaritan" intelligible principle / general provision in relation to Section 230(c)(1)), thereby giving rise to a line of "direct inquiry" vis-à-vis this CC.

A federal statute (wielded by Facebook as a threshold immunity defense, and embraced by the District Court hook, line, and sinker) has frustrated Fyk's civil rights; *i.e.*, Section 230(c)(1) "immunity" has stood in the way of Fyk's pursuing civil liability in the ordinary course in relation to four run-of-the-mill civil causes of action (intentional interference with prospective economic advantage / relations; violation of California business & professions code sections 17200-17210 (unfair competition); civil extortion; fraud / intentional misrepresentations, *see* [D.E. 1]). The Verified Complaint [D.E. 1] does not directly challenge Section 230(c)(1); indeed, the Verified Complaint does not challenge any of the CDA. Rather, the Verified Complaint only twice mentions Section 230(c)(2), *see* [D.E. 1] at ¶¶ 6, 24, in discussing pre-suit instances where Facebook meddled with Fyk's content (and associated businesses) under the guise of Section 230(c)(2); *i.e.*, where Facebook crippled Fyk's businesses on the Facebook platform / News Feed market because the content displayed within such businesses / pages was somehow "obscene, lewd, lascivious, filthy, excessively violent, harassing, or otherwise objectionable." 47 U.S.C. § 230(c)(2)(A). While the Verified Complaint alleges that Facebook's pre-suit acts were under the color of Section 230(c)(2)(A) (not even Section 230(c)(1)), that is not the same as an allegation that the statute itself is unconstitutional. Rather, purported Section 230(c)(1) immunity was brought up for the first time (in out-of-the-blue fashion) by Facebook as a threshold defense, contending that Facebook was privileged / immunized (by way of Section 230(c)(1)) to inflict upon Fyk the illegalities embodied by the four counts of the Verified Complaint.

Over five years into this lawsuit (which has involved two trips to the Ninth Circuit and two trips to SCOTUS), the parties' positions and theories have been laid bare. And as one can see from the various briefs submitted by the parties (and associated orders), *see, e.g.,* n. 2, *supra*, and / or the trajectory of this case, a legitimate Rule 5.1 / Section 2403 line of "direct inquiry" concerning Section 230(c) has arisen amidst the District Court's "denial" of the existence of the "Good Samaritan" intelligible principle / general provision in relation to Section 230(c)(1), which, in turn, "denied" the constitutionality and / or legality of Section 230(c). Per the admissions of Facebook and the District Court, *see* n. 2 (citing [D.E. 47] and [D.E. 51]), we have a federal statute on our hands (Section 230(c)(1)) that provides an entity (Facebook) with immunization from content policing / restriction (exercised here against Fyk) not subject to an intelligible principle. And, yet, per case law discussed in greater detail below, a power or authority (Section 230(c) immunity) that the legislature provides to an entity (Facebook) without a guiding force in the form of an intelligible principle / general provision, renders the federal statute unconstitutional because the immunity being exercised by the entity would be absurdly "unfettered."

This is precisely the kind of situation that demands a "notice of constitutional question" / "notice of constitutional challenge" that Federal Rule of Civil Procedure 5.1 / Title 28 U.S.C. Section 2403 envisions.[3] Indeed, Fyk attempted to challenge the constitutionality of Section 230(c) in a declaratory action against the United States of America. *See Fyk v. U.S.A.*, No. 1:22-cv-01144-RC (D.D.C.). In deciding that Fyk did not have the standing to pursue such action against the United States (hung up on traceability and redressability), the District Court Judge Contreras held, in pertinent part, as follows: "Mr. Fyk had his opportunity to challenge the CDA when Facebook invoked it as a shield against his claims." *Id.*, [D.E. 16] at 9. And, so, that is what this Rule 5.1 / Section 2403 CC does – Fyk challenges the CDA in this action involving Facebook where "Facebook invoked [Section 230(c)(1)] as a shield against [Fyk's] claims" and where the District Court has denied the existence of Section

---

[3] In *Anderson v. Municipality of Anchorage*, for example, Anderson had a situation on his hands worthy of a constitutional challenge / constitutional question, but pleadings and / or briefings spelling out the parties' positions had not yet been developed in that case; so, the *Anderson* court determined that the constitutional challenge / constitutional question was premature.

3
FRCP 5.1 MOTION RE: THE UNCONSTITUTIONALITY OF 47 U.S.C. § 230(C)(1), No. 18-cv-05159-HSG

230's "Good Samaritan" intelligible principle / general provision in relation to Section 230(c)(1), rendering the federal statute unconstitutional or otherwise legally untenable.

## MEMORANDUM

### A.   Legal Standard

Federal Rule of Civil Procedure 5.1 provides, in pertinent part, as follows:

> (a) NOTICE BY A PARTY. A party that files a pleading, written motion, or other paper drawing into question the constitutionality of a federal or state statute must promptly:
>
>   (1) file a notice of constitutional question stating the question and identifying the paper that raises it, if:
>
>   (A) a federal statute is questioned and the parties do not include the United States, one of its agencies, or one of its officers or employees in an official capacity; or …
>
>   (2) serve the notice and paper on the Attorney General of the United States if a federal statute is questioned … either by certified or registered mail or by sending it to an electronic address designated by the attorney general for this purpose.
>
> (b) CERTIFICATION BY THE COURT. The court *must*, under 28 U.S.C. § 2403, certify to the appropriate attorney general that a statute has been questioned.
>
> (c) INTERVENTION; FINAL DECISION ON THE MERITS. Unless the court sets a later time, the attorney general may intervene within 60 days after the notice is filed or after the court certifies the challenge, whichever is earlier. Before the time to intervene expires, the court may reject the constitutional challenge, but may not enter a final judgment holding the statute unconstitutional.
>
> (d) NO FORFEITURE. A party's failure to file and serve the notice, or the court's failure to certify, does not forfeit a constitutional claim or defense that is otherwise timely asserted.

*Id.* (emphasis added). And Title 28, United States Code, Section 2403(a) provides as follows:

> In any action, suit or proceeding in a court of the United States to which the United States or any agency, officer or employee thereof is not a party, wherein the constitutionality of any Act of Congress affecting the public interest is drawn in question, the court shall certify such fact to the Attorney General, and shall permit the United States to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality. The United States shall, subject to the applicable provisions of law, have all the rights of a party and be subject to all liabilities of a party as to court costs to the extent necessary for a proper presentation of the facts and law relating to the question of constitutionality.

*Id.*

**B.     *Without An Intelligible Principle, Section 230(c)(1) Is Unconstitutional***

In late-2019, the Ninth Circuit court determined that "[t]he Good Samaritan provision of the Communications Decency Act does not immunize blocking and filtering decisions that are driven by anticompetitive animus." *Enigma Software Group USA, LLC v. Malwarebytes, Inc.*, 946 F.3d 1040 (9th Cir. (Cal.) 2019) (emphasis added), cert. denied *Malwarebytes, Inc. v. Enigma Software Group USA, LLC*, 141 S.Ct. 13 (2020). Put differently, the Ninth Circuit court confirmed that the "Good Samaritan" intelligible principle / general provision overarching Section 230(c) most certainly applies to the Section 230 immunity analysis.

With that Ninth Circuit determination in hand (new case law at the time), Fyk asked the District Court to reconsider its dismissal, as Fyk's Verified Complaint hinges on the anticompetitive animus displayed by Facebook,[4] and, per *Enigma*, Facebook could not enjoy the statutorily prescribed immunity under such circumstances. *See* [D.E. 46], [D.E. 47], [D.E. 48], and [D.E. 51]. Remarkably, as discussed in footnote 2 above, the District Court (in siding entirely with Facebook, so much so that [D.E. 51] was pretty much a cut-and-paste of [D.E. 47]) determined that the "Good Samaritan" general provision of Section 230(c) was not "general" in application; *i.e.*, that the "Good Samaritan" general provision / intelligible principle was isolated to Section 230(c)(2)(A) just because the underlying fact pattern of *Enigma* was that of Section 230(c)(2)(A); *i.e.*, denied the existence of the "Good Samaritan" intelligible principle / general provision with respect to Section 230(c)(1). The District Court's determination that the "Good Samaritan" intelligible principle / general provision overarching Section 230(c) did not exist in relation to Section 230(c)(1) (again, which echoed Facebook's responsive briefing) was entirely made up, as there is no such thing as a general provision that is not applied "generally" and is instead whimsically and selectively applied to some parts of a statute but not others.

---

[4] Not only is Count II of Fyk's Verified Complaint one of unfair competition (violation of California business & professions code sections 17200-17210 (unfair competition)), but the very first paragraph of Fyk's Verified Complaint reads as follows: "This case asks whether Facebook can, without consequence, engage in brazen … unfair and anti-competitive … practices that caused the build-up (through years of hard work and entrepreneurship) and subsequent destruction of Fyk's multi-million dollar business with over 25,000,000 followers … ." [D.E. 1], ¶ 1.

That absurdity (that the "Good Samaritan" intelligible principle, in cherry-pick fashion, applies to Section 230(c)(2)(A) and not Section 230(c)(1) per Facebook and the District Court) is presently the law of the case. In denying the existence of the "Good Samaritan" intelligible principle as it relates to Section 230(c)(1), the District Court rendered Section 230(c)(1) unconstitutional or otherwise legally untenable. And, so, a line of "direct inquiry" concerning the constitutionality of Section 230(c) has been established. This Court "must" engage in this "constitutional challenge" / "constitutional question" exercise necessitated by the District Court's position that Section 230(c)'s "Good Samaritan" intelligible principle / general provision does not "exist" in relation to Section 230(c)(1). And, per Rule 5.1(b) and Section 2403, this Court "*must* … certify to the appropriate attorney general that a statute has been questioned." Rule 5.1(b) (emphasis added).

At odds in the parties' competing papers throughout this litigation has been the parties' competing views as to the whole or partial application of Section 230(c)'s "Good Samaritan" intelligible principle. *See* n. 2, *supra*. Facebook raised a Section 230(c)(1) defense, claiming that the federal statute afforded it privilege (immunity) to do what it did to Fyk; but, Facebook could only get away with doing what it did to Fyk under the protection / privilege of the immunizing federal statute if the enactors of the federal statute (the legislature) provided an "intelligible principle" so that Facebook's immunized content policing under Section 230(c) was not "unfettered." Per *Jarkesy v. Securities and Exchange Commission*, 34 F.4th 446 (5th Cir. 2022), for example,[5] if there is no intelligible principle overarching the actions (here, Facebook's content policing / moderation / regulation conduct) immunized by federal law (Section 230), then the law that affords the protection / immunization is unconstitutional – one's federally authorized immunity from civil action cannot be "unfettered," and "unfettered" is precisely the result when there is no guiding force in the form of an intelligible principle.[6]

---

[5] Fyk provided the District Court with a copy of *Jarkesy* and requested the Court's consideration and application of same. *See* [D.E. 26-1]. Instead, the District Court ignored *Jarkesy*.

[6] The holding of *Jarkesy* is not a Fifth Circuit thing, it has been a Supreme Court of the United States thing for a hundred years or so. *See, e.g., J.W. Hampton, Jr. & Co. v. U.S.*, 276 U.S. 394, 409 (1928) ("If Congress shall lay down by legislative act an intelligible principle to which the person … is directed to conform, such legislative action is not a forbidden delegation of legislative power").

Facebook and the District Court have taken the position that Facebook's acts here (Facebook's content policing of Fyk) are best categorized under Section 230(c)(1)[7] and eligible at the threshold for the CDA immunity authorized by the legislature. And Facebook and the District Court have taken the position that *Enigma's* "Good Samaritan" intelligible principle determination is only applicable to Section 230(c)(2); *i.e.*, both Facebook and the District Court were of the opinion that the "Good Samaritan" intelligible principle did not apply to (does not "exist" with respect to) Section 230(c)(1). So, in the end, per the admissions of Facebook and the District Court, we have a federal statute on our hands (Section 230(c)(1)) that provides an entity (Facebook) with content policing immunity (exercised here against Fyk, and creating the overall ability to restrict the property and liberties of all other unwilling participants in unfettered fashion) not subject to an intelligible principle.

Per *Jarkesy*, for example, the legislature permitting a certain kind of activity (and then immunizing the actor from any and all civil liability associated with such activity) without a guiding force in the form of an intelligible principle, renders the federal statute unconstitutional because the authority being exercised by the entity would be "unfettered." Per *Jarkesy*, "[g]overnment actions are 'legislative' if they have the purpose and effect of altering the legal rights, duties and relations of persons ... outside the legislative branch." *Jarkesy*, 34 F.4th 446, 461. Here, the "rights, duties, and relations" between folks engaged with Facebook (here, Fyk) and Facebook were / are *prima facie* fundamentally altered vis-à-vis the CDA's grant of civil liability immunity to Facebook. The granting of statutory immunity is a "legislative" power (both as to the immunity itself and as to the granting of same), and Congress can only grant legislative powers to another if such is accompanied by a guiding intelligible principle. *See id.* If a "legislative" power (such as statutory immunity) is bestowed by Congress and not accompanied by an intelligible principle, then such is deemed unconstitutional. *See id.* at 462 ("If the intelligible principle standard means anything, it must mean that a total absence of guidance is impermissible under the Constitution").

---

[7] Despite, as pointed out in prior briefs, everybody else across the United States (*i.e.*, everybody else not situated in California's court system; *e.g.*, the Fourth Circuit Court of Appeals in *Henderson*, the amicus curiae briefs of various Congressmen, state attorney generals, and the DOJ in *Gonzalez*, *et cetera*) is of the appropriate view that Section 230(c)(1) does not protect any conduct at all, lest Section 230(c)(1) be absurdly viewed as some sort of "super-immunity," which, as we have also pointed out in prior briefs, would render Section 230(c)(2)(A) mere surplusage.

### C. Conclusion

Congress bestowed a "legislative" power on Facebook – immunity for actions taken by Facebook (Internet content policing; *i.e.*, blocking and screening offensive materials) under Section 230(c). But, unlike in *Jarkesy* where legislative power was granted by Congress to the SEC without any sort of guidance (any sort of intelligible principle), Congress saddled all of Section 230(c) with the "Good Samaritan" intelligible principle. If Section 230(c)(1) and the associated legislative power of immunity was not subject to an intelligible principle, Section 230(c)(1) would be unconstitutional per *Jarkesy*. Similarly, if Section 230(c)(2)(A) and the associated legislative power of immunity was not subject to an intelligible principle, Section 230(c)(2)(A) would be unconstitutional. Plainly, Congress' placing the "Good Samaritan" intelligible principle at the very start of Section 230(c) meant that the intelligible principle applies to both Section 230(c) subparts, Section 230(c)(1) and Section 230(c)(2)(A). Indeed, again, if that were not the case, the subparts would be unconstitutional.

As it stands, the District Court's dismissal predicated on Section 230(c)(1) immunity disclaims the existence of the "Good Samaritan" intelligible principle in relation to Section 230(c)(1), opining that the intelligible principle somehow only applies to Section 230(c)(2)(A). That being the current law of this case, the law of this case renders Section 230(c)(1) unconstitutional. This cannot be – the supposed nonexistence of the "Good Samaritan" intelligible principle in relation to Section 230(c)(1) gives rise to a line of "direct inquiry" that "must" be addressed in this CC. And the outcome of this CC must necessarily be one of two things: (1) the District Court's ruling (and related dismissal) that Section 230(c)(1) is not subject to the "Good Samaritan" intelligible principle of Section 230(c) is sound, and Section 230(c)(1) is accordingly unconstitutional because the immunity associated therewith constitutes legislative power sans guidance (intelligible principle), or (2) Section 230(c)(1) is constitutional because Section 230(c)(1) is subject to the "Good Samaritan" intelligible principle (just as Section 230(c)(2)(A) is), and the District Court's dismissal is unsound.

Either way, dismissal must be overturned. If Section 230(c)(1) (the section upon which Facebook has based its entire defense) is unconstitutional, the District Court's dismissal predicated on Section 230(c)(1) immunity is unviable straightaway. If Section 230(c)(1) is constitutional, the District Court's dismissal remains unviable because Facebook's actions would have to go through a "Good

Samaritan" analysis and the Ninth Circuit (*via Enigma*) has already determined that actions underlain by anticompetitive animus (as alleged by Fyk's Verified Complaint) are not the actions of a "Good Samaritan" and accordingly not eligible for CDA immunity. Put simply, it is a Catch-22: either the District Court was wrong about the application of Section 230(c)(1) (that is, wrong that Section 230(c)(1) is somehow not subject to the Section 230(c) "Good Samaritan" intelligible principle) or the federal statute is unconstitutional. Either way, the dismissal of Fyk's case was / is untenable and must be immediately overturned.

WHEREFORE, Plaintiff, Jason Fyk, respectfully requests entry of an order (1) determining that Title 47, United States Code, Section 230(c)(1) is unconstitutional as applied in this case, and / or  (2) affording Fyk any other relief the Court deems equitable, just, or proper.

Dated:  September 20, 2023.

Respectfully Submitted,

/s/ Jeffrey Greyber
**Jeffrey L. Greyber, Esq.**
Poli, Moon & Zane, PLLC
*Counsel for Plaintiff*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 20, 2023, I electronically filed the foregoing documents with the Clerk of the Court by using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record *via* Notices of Electronic Filing generated by CM/ECF.

/s/ Jeffrey Greyber
**Jeffrey Greyber, Esq.**