1  KEKER, VAN NEST & PETERS LLP
   PAVEN MALHOTRA - # 258429
2  pmalhotra@keker.com
   MATAN SHACHAM - # 262348
3  mshacham@keker.com
   WILLIAM S. HICKS - # 256095
4  whicks@keker.com
   633 Battery Street
5  San Francisco, CA 94111-1809
   Telephone:    415 391 5400
6  Facsimile:    415 397 7188

7  Attorneys for Defendant
   Meta Platforms, Inc.
8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11  JASON FYK,                         | Case No. 4:18-CV-05159-HSG
12               Plaintiff,            | **META PLATFORMS, INC.'S (F/K/A FACEBOOK, INC.) RESPONSE TO PLAINTIFF JASON FYK'S MOTION CONCERNING THE CONSTUTIONALITY OF 47 U.S.C. § 230(C)(1)**
13       v.                            |
14  FACEBOOK, INC.,                    |
15               Defendant.            |
                                       | Judge:    Hon. Haywood S. Gilliam, Jr.
16                                     | Dept.:    Courtroom 2
17                                     |
                                       | Date Filed: August 22, 2018
18                                     | Date Closed: June 18, 2019

19

20

21

22

23

24

25

26

27

28

Plaintiff Jason Fyk's "Motion Re: the (Un)constitutionality of 47 U.S.C. § 230(c)(1)" ("Motion") is the latest in a long line of baseless filings stemming from an alleged decision by Facebook, Inc. (now known as Meta Platforms, Inc.) in 2016 to remove some of Mr. Fyk's Facebook pages.[1] As it has done with all of his prior motions, this Court should once again deny Mr. Fyk's frivolous request for relief.

This Court dismissed Mr. Fyk's complaint, and issued a final judgment terminating this action, in June 2019—***more than four years ago***.[2] The Ninth Circuit affirmed this Court's order of dismissal in June 2020.[3] Since then, this Court, the United States District Court for the District of Columbia, the Ninth Circuit Court of Appeals, and the United States Supreme Court have all heard—and *denied*—Mr. Fyk's numerous additional requests for relief.

In March 2021, for instance, Mr. Fyk filed a motion pursuant to Rule 60(b) to vacate this Court's 2019 Order. This Court denied that motion in November 2021,[4] the Ninth Circuit affirmed that order in 2022, and the Supreme Court subsequently denied *certiorari*.[5] Undeterred, in June of this year, Mr. Fyk filed a ***second*** meritless motion to vacate under Rule 60(b), which the Court has not yet had occasion to address.[6]

Now before the Court is Mr. Fyk's latest gambit: a motion to declare 47 U.S.C. § 230(c)(1) unconstitutional. Courts have already rejected the very constitutional argument raised in Mr. Fyk's Motion.[7] Here, however, no basis exists for this Court even to consider the argument

---

[1] For a detailed discussion of these filings, *see* Dkt. No. 62 (procedural history).

[2] *See* Dkts. 38, 46-2 (reported at *Fyk v. Facebook, Inc*., 2019 WL 11288576, at *3 (N.D. Cal. June 18, 2019)).

[3] Dkt. 46-3 (reported at *Fyk v. Facebook, Inc*., 808 F. App'x 597 (9th Cir. 2020)).

[4] *Fyk v. Facebook, Inc*., 2021 WL 5764249, at *1 (N.D. Cal. Nov. 1, 2021) (denying motion to vacate).

[5] *Fyk v. Facebook, Inc*., 2022 WL 10964766 (9th Cir. Oct. 19, 2022), *cert. denied*, 2023 WL 2959399 (U.S. Apr. 17, 2023).

[6] *See* Dkt. No. 61 (Fyk's second motion to vacate under Rule 60(b)); Dkt. No. 62 (Meta's response).

[7] *Divino Grp. LLC v. Google LLC*, 2022 WL 4625076, at *20 (N.D. Cal. Sept. 30, 2022) ("Plaintiffs have not established that the application of Section 230(c) as a defense is unconstitutional."), *reconsideration denied*, No. 19-CV-04749-VKD, 2023 WL 218966 (N.D. Cal. Jan. 17, 2023).

raised in Mr. Fyk's Motion because this case has been closed for years. "It is only under a very limited set of circumstances," not present here, "that motions or additional documents should be filed in a dismissed, closed case." *Soladigm, Inc. v. Min Ming Tarng*, WL 1949627, at *3 (N.D. Cal. May 9, 2013); *see also, e.g., Drevaleva v. U.S. Dep't of Veterans Affs.*, 2021 WL 1433063, at *1 (N.D. Cal. Mar. 29, 2021) (denying all pending motions in closed case and ordering that no further filings shall be accepted), *appeal dismissed sub nom. Drevaleva v. Dep't of Veterans Affs.*, 2021 WL 4785893 (9th Cir. Aug. 16, 2021).

Notably, Mr. Fyk does not seek Rule 60(b) relief in his Motion, much less does he attempt to demonstrate any of the legal requirements for reopening this long-closed case. Nor can he. "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *See Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). None of those "limited circumstances" are even allegedly present here.

Moreover, even if the Court were to construe the instant motion as a ***third*** request for relief under Rule 60(b), that request would be untimely. Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."). Mr. Fyk could have raised the constitutionality of Section 230(c)(1) in his complaint, filed in 2018. Instead, he raised the issue for the first time more than ***four years after*** the case was dismissed and closed.

Accordingly, this Court should strike Mr. Fyk's improper motion and instruct that "if Plaintiff persists in these filings, [he] may be subject to sanctions." *Bridgewater v. Hayes Valley Ltd. P'ship*, 2012 WL 2571321, at *2 (N.D. Cal. July 2, 2012); *see also Soladigm, Inc.,* WL 1949627, at *3 ("further attempts by Defendant to unjustifiedly maintain this litigation will be met with orders summarily terminating or striking the motion, request or improper pleading"); *Webb v. Ducart*, 2019 WL 1118120, at *1 (N.D. Cal. Mar. 11, 2019) ("No further filings will be accepted in this closed case.").

| | |
|---|---|
| Dated: October 3, 2023 | KEKER, VAN NEST & PETERS LLP |
| | By: /s/ *William Hicks* |
| | PAVEN MALHOTRA |
| | MATAN SHACHAM |
| | WILLIAM HICKS |
| | |
| | Attorneys for Defendant |
| | Meta Platforms, Inc. |