JEFFREY L. GREYBER (Pro Hac Vice Admitted)
Email: jgreyber@pmzlaw.com
POLI, MOON & ZANE, PLLC
7016 Charleston Shores Blvd, #8
Lake Worth, FL  33467
Telephone: (602) 857-8180
Facsimile: (561) 834-2504

CONSTANCE J. YU (SBN 182704)
E-mail: cyu@plylaw.com
PUTTERMAN | YU | WANG LLP
345 California Street, Suite 1160
San Francisco, CA 94104-2626
Telephone: (415) 839-8779
Facsimile: (415) 737-1363

*Attorneys for Plaintiff Jason Fyk*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON FYK,<br><br>   *Plaintiff*,<br><br>v.<br><br>FACEBOOK, INC.,<br><br>   *Defendant*. | Case No. 4:18-cv-05159-HSG<br><br>**F.R.C.P. 5.1 MOTION RE: THE (UN)CONSTITUTIONALITY OF 47 U.S.C. § 230(c)(1) – PLAINTIFF'S BRIEF RESPONSE TO [D.E. 68]**<br><br>**BEFORE:  HON. H.S. GILLIAM, JR.**<br><br>**LOCATION:  OAKLAND, CT. 2, FL. 4** |

On September 19, 2023, Plaintiff, Jason Fyk ("Fyk"), pursuant to Federal Rule of Civil Procedure 5.1(a)(1)(A) and Title 28, United States Code, Section 2403(a), respectfully moved this Court for a determination that Title 47, United States Code, Section 230(c)(1) is unconstitutional as applied by the District Court. *See* [D.E. 66] (the constitutional challenge, "CC"). Fyk also proceeded with service of the United States ("USA") pursuant to Rule 5.1(a)(2). The USA / US DOJ emerged *via* Notice of Appearance dated September 29, 2023. *See* [D.E. 67]. Then, on October 2, 2023, the USA filed an Acknowledgement of Notice of Constitutional Challenge. *See* [D.E. 68]. The October 2, 2023, USA filing misapprehends a few things; thus, this brief "response" to set the record straight as to the non-forfeitable CC, *see* Fed. R. Civ. P. 5.1(d), that "must" be certified by this Court to the USA. *See* Fed. R. Civ. P. 5.1(b).

First, the USA's October 2, 2023, filing says that Fyk "did not attach" any paperwork identifying what about this case places the constitutionality of the subject law at issue. Correct, nothing was attached to [D.E. 66] because nothing had to be. Rather, Fyk complied with the letter of the law (Rule 5.1 as actually written) by "identifying" in his September 19, 2023, filing the exact portions of this case's record that give rise to the Rule 5.1 CC. *See, e.g.,* [D.E. 66] at n. 2. Rule 5.1(a)(1) says "identifying the paper that raises it," not "attaching the paper that raises it."

Second, the USA's October 2, 2023, filing misconstrues the procedural posture of this case. [D.E. 68] suggests that the Rule 5.1 CC arises within the pending reconsideration motion practice, which such pending motion practice represents the third time this case is back in this Court. Wrong. In reality, the papers identified as setting off the unconstitutional trajectory of this case related to the second time this case was back in this Court under the first round of reconsideration motion practice. Again, *see* [D.E. 66] at n. 2, identifying [D.E. 47] and [D.E. 51], *inter alia*, not the docket entries identified in the USA's October 2, 2023, filing that are, indeed, pending with this Court but by no means somehow make the 5.1 CC premature as the USA seems to be suggesting. Since the time the District Court botched a constitutionally sound application of the "Good Samaritan" general provision / intelligible principle overarching all of Section 230(c) (that being [D.E. 51] identified in [D.E. 66] at n. 2), Fyk was forced to go through the massive-resource-burning-ringer yet again – to the Ninth Circuit

for a second time (who *sua sponte* ignored him on the merits) and to SCOTUS for a second time (who simply did not accept the petition).

In sum, Fyk has identified the papers within this case that *prima facie* show either **(a)** an unconstitutional application of Section 230(c)'s general provision / intelligible principle unfolded in this case (*via* the absurd [D.E. 51] conclusion that the "Good Samaritan" general provision overarching all of Section 230(c) is somehow not general, but rather picky-choosy in somehow only applying to Section 230(c)(2)), rendering dismissal completely unviable because there would be no "immunity" rug for Facebook to sweep its illegalities under (one cannot have unconstitutional immunity, let alone "unfettered" unconstitutional immunity), or **(b)** Section 230(c)'s general provision is exactly what Fyk has said it is for years (and what many other Courts and attorneys and legal scholars and Congressmen and the DOJ are saying) – that is, the "Good Samaritan" general provision is *generally* applied across both subparts of Section 230(c) and that Facebook's purported Section 230(c)(1) "immunity" that has derailed justice (even some semblance of justice) unfolding in Fyk's case for about six years was not some sort of automatic "super-immunity" warranting automatic dismissal; rather, Facebook's purported Section 230(c)(1) immunity was / is, at the bare minimum, subject to a "Good Samaritan" analysis (*i.e.*, worthy of discovery, absolutely not automatic dismissal).

The USA can show up in this case and try to somehow say that the "Good Samaritan" general provision is somehow not general … that would be interesting, a point blank admission from the USA that its law is unconstitutional. Or, the USA could do the right thing and show up and profess that Fyk's position on the general application of a general provision as a law (Section 230) is actually written is correct. Or the USA does not have to show up at all. Either way, the USA has 60-days (per Rule 5.1(c)) to make a choice. But the bogus reasons set forth in [D.E. 68] for the USA's current inclination to sit on its hands as to a matter of great national importance (make no mistake, Section 230 is a matter of great national importance) … those "reasons" being that Fyk did not attach paperwork to [D.E. 66] when that is not what Rule 5.1 requires, and that Fyk has pending reconsideration motion practice when, in actuality, the reconsideration motion practice that created the entire 5.1 problem was a round of motion practice ago … are exactly that – bogus. Alas, this filing to set the record straight, especially in recognition that Judge H.S. Gilliam, Jr. is relatively new to this approximate six-year-old file.

The Court "must" certify the ripe 5.1 CC to the USA pursuant to Rule 5.1(b). Or the Court could just realize that we are correct, not burden the USA with coming in to confirm we are correct, overturn the dismissal that has been unwarranted for over half a decade, and finally allow this matter to move forward on the merits; *i.e.*, in the ordinary civil course in relation to the glaring illegalities that Facebook inflicted upon Fyk in destroying his livelihood.

Dated: October 3, 2023.

Respectfully Submitted,

/s/ Jeffrey Greyber
**Jeffrey L. Greyber, Esq.**
Poli, Moon & Zane, PLLC
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 3, 2023, I electronically filed the foregoing documents with the Clerk of the Court by using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record *via* Notices of Electronic Filing generated by CM/ECF.

/s/ Jeffrey Greyber
**Jeffrey Greyber, Esq.**