JEFFREY L. GREYBER (Pro Hac Vice Admitted)
Email:      jgreyber@pmzlaw.com
POLI, MOON & ZANE, PLLC
7016 Charleston Shores Blvd, #8
Lake Worth, FL  33467
Telephone:    (602) 857-8180
Facsimile:    (561) 834-2504

CONSTANCE J. YU (SBN 182704)
E-mail:      cyu@plylaw.com
PUTTERMAN | YU | WANG LLP
345 California Street, Suite 1160
San Francisco, CA 94104-2626
Telephone:    (415) 839-8779
Facsimile:    (415) 737-1363

*Attorneys for Plaintiff Jason Fyk*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON FYK,<br><br>    *Plaintiff,*<br><br>v.<br><br>FACEBOOK, INC.,<br><br>    *Defendant.* | Case No. 4:18-cv-05159-HSG<br><br>**F.R.C.P. 5.1 MOTION RE: THE (UN)CONSTITUTIONALITY OF 47 U.S.C. § 230(c)(1) – PLAINTIFF'S BRIEF RESPONSE TO [D.E. 69]**<br><br>**BEFORE:  HON. H.S. GILLIAM, JR.**<br><br>**LOCATION:  OAKLAND, CT. 2, FL. 4** |

On September 19, 2023, Plaintiff, Jason Fyk ("Fyk"), pursuant to Federal Rule of Civil Procedure 5.1(a)(1)(A) and Title 28, United States Code, Section 2403(a), respectfully moved this Court for a determination that Title 47, United States Code, Section 230(c)(1) is unconstitutional as applied by District Court Judge White in this case. *See* [D.E. 66] (the constitutional challenge, "CC"). Fyk also proceeded with service of the United States ("USA") pursuant to Rule 5.1(a)(2). The USA / US DOJ emerged *via* Notice of Appearance dated September 29, 2023. *See* [D.E. 67]. Then, on October 2, 2023, the USA filed an Acknowledgement of Notice of Constitutional Challenge. *See* [D.E. 68]. On October 3, 2023, Fyk replied to the USA's Acknowledgement of Notice of Constitutional Challenge. *See* [D.E. 70]. While Fyk was replying to the USA on October 3, 2023, Defendant, Facebook, Inc. ("Facebook"), was responding to the CC. *See* [D.E. 69]. We now briefly address [D.E. 69].

Throughout this five-plus-year matter, Facebook has displayed an expertise in obfuscation (factually and legally) time after time after time. On myriad occasions throughout the pendency of this action, Facebook has routinely and unabashedly put forth false "facts" that District Court Judge White has fully endorsed in contravention of the hornbook Rule 12(b) standard of accepting the facts alleged by the plaintiff, not the defendant. Similarly, on myriad occasions throughout the pendency of this action, Facebook has routinely and unabashedly put forth wayward legal arguments that District Court Judge White has fully endorsed. For example, within the confines of the instant CC, there was / is Facebook's wayward legal argument that Section 230(c)'s "Good Samaritan" general provision does not apply generally to all of Section 230(c) but instead applies selectively to only Section 230(c)(2). *See* [D.E. 47], identified in footnote 2 of [D.E. 66] as required by Rule 5.1. With District Court Judge White endorsing (through essentially a cut-and-paste) Facebook's constitutionally repugnant views as to the application of an intelligible principle. *See* [D.E. 51], identified in footnote 2 of [D.E. 66] as required by Rule 5.1. For reasons now discussed, Facebook's most recent filing [D.E. 69] does not represent an exception as to Facebook's *modus operandi* for factual and legal obfuscation.

**The CC Is Not At All Like The *Divino* Constitutional Challenge That [D.E. 69] Relies Upon**

Facebook's October 3, 2023, filing [D.E. 69] starts off ("substantively" speaking) with this: "Courts have already rejected the very constitutional argument raised in Mr. Fyk's motion." *Id.* at 1

and n. 7. This Facebook "point" misconstrues (not coincidentally or accidentally, we submit) the nature of the CC [D.E. 66].

As purported support for the aforementioned Facebook "point," Facebook cites *Divino Grp. LLC v. Google LLC*, 2022 WL 4625076, *20 (N.D. Cal. Sept. 30, 2022) for this proposition: "Plaintiffs have not established that the application of Section 230(c) as a defense is unconstitutional." [D.E. 69] at n. 7. In *Divino*, the constitutional challenge of Section 230(c) revolved around plaintiffs' argument "that CDA Section 230(c) is unconstitutional because it violates their free speech rights under the First Amendment." *Divino* at *18. More specifically, the *Divino* plaintiffs' constitutional challenge of Section 230(c) argued that "the statute's application results in an unconstitutional permissive speech law that violates the First Amendment." *Id.* To wit, the *Divino* defendants argued that "there is no valid basis for plaintiffs' constitutional attack on Section 230(c) because defendants are not state actors subject to the constraints of the First Amendment." *Id.* In deciding that the *Divino* "Plaintiffs [did] not establish[ ] that the application of Section 230(c) as a defense is unconstitutional," *id.* at * 20, the *Divino* court had concluded as follows:

> To the extent the [complaint] suggests that defendants' invocation of CDA Section 230(c) as a defense violates plaintiffs' First Amendment right to 'petition[ ] the courts for relief," … plaintiffs have not been precluded from presenting their legal disputes to the courts, 'express[ing] their ideas, hopes, and concerns to their government,' or from 'request[ing] action by the government to address those concerns.'

*Id.* at *19.

***The CC, however, <u>has absolutely nothing to</u> do with whether or not the Section 230(c) immunity affirmative defense is (un)constitutional straightaway (at the threshold) from a deprivation of First Amendment rights perspective or otherwise.*** Fyk's constitutional challenge of Section 230 in the DDC Court (noted in [D.E. 69] as if the DDC matter somehow had something to do with the subject CC) involved, in part, the threshold / facial unconstitutionality of Section 230; whereas, the CC at issue in this case has nothing to do with that. Rather, the CC at issue here revolves entirely around District Court Judge White's unconstitutional application (vis-à-vis [D.E. 51]) of Section 230(c)'s "Good Samaritan" general provision. It was not until [D.E. 51] that District Court Judge White applied the "Good Samaritan" general provision in a constitutionally repugnant manner in this case.

So, among other things (and as discussed further below), Facebook's "woe is me, this case is old … so, Judge, there is nothing to see here .. pretty please, Judge, just go with the flow and continue to snuff out Fyk's day in court because we say so" chatter and Facebook's "gee whiz, when filing his complaint in 2018, Fyk should have somehow anticipated District Court Judge White's unconstitutional application of the 'Good Samaritan' general provision in the November 1, 2021, Order [D.E. 51] and challenged such unconstitutional application over three years before such unconstitutional application occurred in crystal ball fashion" chatter is exactly what Facebook's chatter has been for the past five-plus-years … poppycock.

After District Court Judge White's Order [D.E. 51] applied the "Good Samaritan" general provision in an unconstitutional manner, Fyk promptly appealed to the Ninth Circuit. The Ninth Circuit's subsequent decision said nothing as to the merits (*i.e.*, said nothing about the District Court's unconstitutional application of the "Good Samaritan" general provision and / or otherwise); rather, the Ninth Circuit dismissed that appeal based on a *sua sponte* untimeliness determination. So, Fyk promptly proceeded to SCOTUS. SCOTUS simply denied Fyk's petition without saying more. During the appellate and SCOTUS proceedings, the District Court was divested of jurisdiction. Once SCOTUS denied the petition, Fyk promptly returned to the District Court under Rule 60(b). *See* [D.E. 61]. It is [D.E. 61] that is now pending, and the case is open as it concerns (at the very least) the disposition of [D.E. 61].

As discussed more thoroughly below, Fyk is genuinely confused as to the [D.E. 69] water muddying concerning the CC somehow being a disguised "third" 60(b) motion, and how there is no "mistake" at play that could give rise to a "third" 60(b), and how a "third" 60(b) would be too late anyway, and blah blah blah. Huh? No – the CC is a Rule 5.1 CC that is allowed to run contemporaneously / concurrently with the pending [D.E. 61] 60(b) proceedings. Per Rule 5.1(d), that which is placed at issue in the CC cannot be "forfeited." And per Rule 5.1(b), the Court "must" certify the CC to the appropriate attorney general. *Constitutional rights cannot be forfeited.* And, as discussed more thoroughly below, Fyk could not have brought the CC any sooner than he did; again, it was [D.E. 51] in November 2021 that applied the "Good Samaritan" general provision in this case in an unconstitutional fashion and it was not until Fyk exhausted appellate rights (through the Ninth Circuit

and SCOTUS) concerning [D.E. 51] that the subject CC was pursuable / ripe. Had Fyk brought the CC any sooner than he did, he would have doubtless encountered the District Court's dismissal (without prejudice) of the CC based on prematurity. *See, e.g.*, [D.E. 66] at n. 3 (citing *Anderson v. Municipality of Anchorage*, No. 3:21-cv-00139-JMK, 2023 WL 2932962, *1 (D. Alaska Apr. 13, 2023)).

**The CC Is Not A "Third" 60(b) Attempt As Argued In [D.E 69]**

With past being prologue (the past being Facebook's propensity to try to factually and legally confuse the Court into untenable rulings), [D.E. 69] says a bunch about the CC [D.E. 66] somehow being a "third" 60(b) motion that is unwarranted because there was no "mistake" and it is too late. Again, there is already pending reconsideration motion practice (fully briefed) concerning [D.E. 51], that being [D.E. 61]. [D.E. 66] is a constitutional challenge implicating [D.E. 51], which such CC is allowed to run alongside [D.E. 61].

Per *Anderson* (as just one example), Fyk was required to fully develop the record surrounding the subject matter of the CC (or otherwise) before he could advance the CC. Fyk fully developed the [D.E. 51]-oriented record by way of the above-mentioned Ninth Circuit appellate proceedings, by way of the above-mentioned SCOTUS proceedings, and now amidst the above-mentioned 60(b) proceedings ([D.E. 61]) concerning [D.E. 51]. There is simply no other place for Fyk to go concerning [D.E. 51] in order to fully develop the record concerning [D.E. 51] before advancing a CC concerning [D.E. 51] – Fyk went to the next highest court (the Ninth Circuit court), the next highest court (SCOTUS), and back to this Court ([D.E. 61]). Having fully developed the [D.E. 51]-oriented record, Fyk was / is perfectly entitled to advance a contemporaneous CC concerning [D.E. 51]'s unconstitutional application of Section 230(c)'s "Good Samaritan" general provision.

And, yet, Facebook's [D.E. 69] weakly argues that the CC is inappropriate (and worthy of sanctions … really?) because Facebook says the CC is somehow a disguised "third" 60(b) motion that points out no 60(b)-related "mistake" and is too late anyway? Begging the question – are we in the Twilight Zone? Facebook's perception that the CC is of a *Divino* ilk could not be further from the truth – either Facebook did not read *Divino*, did not read the CC, and / or is trying to dupe the Court again. Facebook's *naked* ("because we say so") argument that the CC is a disguised "third" 60(b) motion could not be further from the truth, and Facebook's related [D.E. 69] "analysis" as to when 60(b) relief

is available could not be further off the mark – either Facebook did not read the CC and / or is trying to dupe the Court again.

Once more, the truth (something [D.E. 69] lacks entirely, just as with all prior Facebook filings) is as follows: **(1)** The CC flows from Rule 5.1 and relates to [D.E. 51]'s unconstitutional application of the "Good Samaritan" general provision; the CC does not in any way, shape, or form flow from Rule 60(b). Again, 60(b) proceedings concerning [D.E. 51] are already pending and such 60(b) proceedings (revolving around changes in law and / or circumstances, sounding in 60(b)(5) and / or 60(b)(6)) concern more than [D.E. 51]'s unconstitutional application of the "Good Samaritan" general provision. For example, [D.E. 61] involves the change in law that is the Fourth Circuit Court's *Henderson* decision, with such change of law warranting the Court's overturning dismissal. **(2)** Fyk filed the CC when such was ripe, as he was required to do. *See, e.g., Anderson*. The CC concerning [D.E. 51] was certainly not ripe before [D.E. 51], as [D.E. 69] ridiculously contends ("Mr. Fyk could have raised the constitutionality of Section 230(c)(1) in his [2018] complaint," *id.* at 2). And the CC concerning [D.E. 51] was not ripe before the case record concerning same was fully developed; *i.e.*, before Fyk fully exhausted appellate and / or reconsideration rights through the Ninth Circuit, through SCOTUS, and through [D.E. 61] in this Court. **(3)** Per the law (Rule 5.1), Fyk's right to challenge the unconstitutionality of [D.E. 51] (*i.e.*, challenge the District Court's unconstitutional determination that the "Good Samaritan" general provision is not generally applicable to both Section 230(c)(1) and Section 230(c)(2)) cannot be "forfeited" and "must" be certified (unless, of course, a prematurity situation was at play like in *Anderson*, which is not the case here, in which case the Court could dismiss the CC *without prejudice* as unripe).

**Conclusion**

The Court "must" certify the ripe, fully developed 5.1 CC pursuant to Rule 5.1(b), as Fyk's CC rights cannot be "forfeited" per Rule 5.1(d). The Rule 5.1 CC is allowed to run concurrently with pending, open Rule 60(b) proceedings. Theoretically, as mentioned in [D.E. 70], the CC would not necessarily have to unfold if the Court were to just realize that we are correct and overturn the dismissal based on [D.E. 61] and finally allow this matter to move forward on the merits; *i.e.*, in the ordinary civil course in relation to the glaring illegalities that Facebook inflicted upon Fyk in destroying his

livelihood. But, should [D.E. 61] not result in the overturning of the dismissal that has been unwarranted for over half a decade (which such overturning would moot the CC… at least for now, conceptually), the CC [D.E. 66] should absolutely transpire in relation to [D.E. 51]'s unconstitutional application of the "Good Samaritan" general provision.[1] Put differently and in sum, the dismissal is destined to go away as legally untenable by way of [D.E. 61] and / or as constitutionally untenable by way of [D.E. 66] – there is no other viable route, the dismissal must go away either way.

Dated:  October 10, 2023.

Respectfully Submitted,

/s/ Jeffrey Greyber
**Jeffrey L. Greyber, Esq.**
Poli, Moon & Zane, PLLC
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 10, 2023, I electronically filed the foregoing documents with the Clerk of the Court by using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record *via* Notices of Electronic Filing generated by CM/ECF.

/s/ Jeffrey Greyber
**Jeffrey Greyber, Esq.**

---

[1] Simply put, [D.E. 51] concluded that the Ninth Circuit's *Enigma* decision (which such decision made clear that Section 230(c) immunity is not available in an anti-competitive animus setting because anti-competition is the antithesis of "Good Samaritan") did not apply here because District Court Judge White was somehow of the view that the *Enigma* holding relating to the "Good Samaritan" general provision was only applicable in Section 230(c)(2) settings; *i.e.*, was somehow of the view that the "Good Samaritan" general provision overarching all of Section 230(c) was not to be generally applied to both Section 230(c)(1) and Section 230(c)(2). Here, the CC will result in a determination that District Court Judge White's *selective* application of the *general* provision (vis-à-vis [D.E. 51]) was constitutionally unsound; *i.e.*, will result in a determination that the only constitutionally sound way to apply the "Good Samaritan" general provision is to apply such generally to both Section 230(c)(1) and Section 230(c)(2). And with that proper application of the "Good Samaritan" general provision in place, it will necessarily be determined that Facebook cannot enjoy its professed Section 230(c)(1) immunity in a case revolving around anti-competitive animus.