JEFFREY L. GREYBER (*Pro Hac Vice Admitted*)
Email:      jgreyber@greyberlaw.com
GREYBER LAW, PLLC
9170 Glades Rd., #161
Boca Raton, FL 33434
Telephone:   (561) 702-7673
Facsimile:   (833) 809-0137

CONSTANCE J. YU (SBN 182704)
E-mail:      cyu@plylaw.com
PUTTERMAN | YU | WANG LLP
345 California Street, Suite 1160
San Francisco, CA 94104-2626
Telephone:   (415) 839-8779
Facsimile:   (415) 737-1363

*Attorneys for Plaintiff Jason Fyk*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON FYK,<br><br>   *Plaintiff*,<br><br>v.<br><br>FACEBOOK, INC.,<br><br>   *Defendant*. | Case No. 4:18-cv-05159- HSG<br><br>**PLAINTIFF'S NOTICE OF FILING SUPPLEMENTAL AUTHORITY IN FURTHER SUPPORT OF [D.E. 61] AND [D.E. 66]**<br><br>**BEFORE: HON. H.S. GILLIAM, JR.**<br><br>**LOCATION: OAKLAND, CT. 2, FL. 4** |

Plaintiff, Jason Fyk, through undersigned counsel and pursuant to N.D. Cal. L.R. 7-3(d), files this Notice of Filing Supplemental Authority in Further Support of (a) Plaintiff's June 16, 2023, Second Motion for Relief Pursuant to F.R.C.P. 60(b) to Vacate and Set Aside Entry of Judgment [D.E. 61], and (b) Plaintiff's September 19, 2023, F.R.C.P. 5.1 Motion Re: the (Un)constitutionality of 47 U.S.C. § 230(c)(1) [D.E. 66]. Plaintiff respectfully submits the following as supplemental authority in further support of his pending Rule 60(b) motion and Rule 5.1 constitutional challenge: *Dangaard, et al. v. Instagram, LLC, et al.*, No. C 22-01101-WHA (N.D. Cal. Nov. 30, 2022), attached for ease of reference.[1]

Plaintiff's pending Rule 60(b) motion and Rule 5.1 constitutional challenge relate to the Good Samaritan intelligible principle / general provision applying to all of 47 U.S.C. § 230(c) ("CDA"), not just Section 230(c)(2) (as Judge White decided here in ratifying dismissal, *see* [D.E. 51]). With anticompetition / unfair competition (Count II of Plaintiff's Verified Complaint, [D.E. 1]) being the antithesis of Good Samaritanism, the *Dangaard* decision (involving Facebook / Meta) attached hereto holds that unfair competition lawsuits are not subject to CDA immunity under Section 230(c)(1) as well:

> While *Zango* and *Enigma* applied only to Section 230(c)(2), and the parties in *Enigma* were direct competitors, the same policy concerns arise here: Meta defendants' 'filtering practices [are] aimed at suppressing competition' in the online adult entertainment business. In fact, Meta defendants could have employed Section 230(c)(2) to attempt to defend themselves – they claim to be removing obscene material from their platforms in good faith, which is what Section 230(c)(2) immunizes. But they instead chose Section 230(c)(1) to shield themselves. To approve Meta defendants' CDA defense would make Section 230(c)(1) a backdoor to CDA immunity — 'contrary to the CDA's history and purpose.' Thus, congressional policy weighs heavily against Meta defendants' CDA defense.

*Dangaard*, No. 3:22-cv-01101-WHA, [D.E. 101] at 9. Per L.R. 7-3(d), we now refrain from argument.

Dated: December 15, 2023.

                                                  Respectfully Submitted,

                                                  /s/ Jeffrey Greyber
                                                  **Jeffrey L. Greyber, Esq.**
                                                  GREYBER LAW, PLLC
                                                  *Counsel for Plaintiff*

---

[1] *Dangaard* has not been published (*i.e.*, there is no reporter citation), in that the only Westlaw version is a slip copy. We accordingly attach the actual Court order from the *Dangaard* docket found on PACER.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 15, 2023, I electronically filed the foregoing documents with the Clerk of the Court by using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record *via* Notices of Electronic Filing generated by CM/ECF.

                                          /s/ Jeffrey Greyber
                                          **Jeffrey Greyber, Esq.**