1

2

3

4                       UNITED STATES DISTRICT COURT

5                     NORTHERN DISTRICT OF CALIFORNIA

6

7    JASON FYK,                              Case No. 18-cv-05159-HSG

8                    Plaintiff,              **ORDER DENYING MOTION FOR
                                             RELIEF PURUSANT TO FED. R. CIV.**
9            v.                              **P. 60(B) AND TERMINATING
                                             MOTION RE: CONSTITUTIONALITY**
10   FACEBOOK, INC.,                         **OF 47 U.S.C. SEC. 230(C)(1)**

11                   Defendant.              Re: Dkt. Nos. 61, 66

12          These motions are the latest in a long string of filings by Plaintiff in this closed case, in

13   which final judgment was entered in June 2019.  Dkt. No. 39.  The Court **DENIES** Plaintiff's

14   second Rule 60(b) motion, and consequently **TERMINATES** Plaintiff's motion regarding the

15   constitutionality of Section 230(C)(1) because there is no active case.

16   **I.    PROECEDURAL HISTORY**

17          In June 2019, Judge White, to whom this case was then assigned, dismissed the case

18   without leave to amend and entered judgment in favor of Defendant and against Plaintiff.  Dkt.

19   Nos. 38, 39.[1]  The Ninth Circuit affirmed that order in June 2020.  Dkt. No. 42.  The Ninth Circuit

20   then denied rehearing *en banc*, and the U.S. Supreme Court denied Plaintiff's petition for writ of

21   certiorari in January 2021.  Dkt. No. 45.  Just over two months later, Plaintiff filed his first motion

22   to vacate the judgment under Rule 60(b).  Dkt. No. 46.  Judge White denied that motion in

23   November 2021, finding that neither the Ninth Circuit's decision in *Enigma Software Group v.*

24   *Malwarebytes*, 946 F.3d 1040 (9th Cir. 2019), nor a statement by Justice Thomas in the Supreme

25   Court's denial of certiorari in that matter reversed any case law on which the dismissal order was

26   based, and also finding no "extraordinary circumstances."  Dkt. No. 51.  The Ninth Circuit

27

28   _____
     [1] The case was reassigned to the undersigned in August 2023.  Dkt. No. 65.

*United States District Court*
*Northern District of California*

affirmed that denial in October 2022, Dkt. No. 54, and the Supreme Court denied certiorari in April 2023.  Dkt. No. 59.

Plaintiff now tries again to vacate the judgment, this time asserting that under Rule 60(b)(5), a "law change warrants reversal of the antiquated dismissal order," relying on six cases discussed in the motion.  Dkt. No. 61 at 8-23.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 60(b), in relevant part, provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."  Fed. R. Civ. P. 60(b).  Whether to grant relief under Rule 60(b) is a matter of the Court's discretion. *Fantasyland Video, Inc. v. Cnty. of San Diego*, 505 F.3d 996, 1001 (9th Cir. 2007).

## III.    ANALYSIS

The Court denies Plaintiff's Rule 60(b)(5) motion on the same basis underlying the November 2021 denial: none of the authorities on which Plaintiff relies changed any controlling precedent on which Judge White relied in dismissing the case and entering judgment.  Five of the six cases Plaintiff cites are either out-of-circuit authorities, district court cases, or one Justice's statement in a denial of certiorari by the Supreme Court.  None of these authorities are binding on this Court, and by definition could not have changed the controlling legal framework for interpreting Section 230(c)(1) in *this* Circuit (even assuming that such a change could be a basis for Rule 60(b) relief, which the Court need not decide here).[2]  Moreover, as Defendant notes,

---

[2] Similarly, Plaintiff's December 2023 notice of supplemental authority attaches a district court decision from November 2022, around seven months before Plaintiff filed the current Rule 60(b) motion.  Dkt. No. 73.  Plaintiff's notice is thus improper under Local Rule 7-3(d)(2), which authorizes filing a notice regarding only "a relevant judicial opinion published after the date the

1    Plaintiff cited the Fourth Circuit's *Henderson* decision to the Ninth Circuit during his appeal of the

2    first Rule 60(b) denial, and the Ninth Circuit nonetheless affirmed that ruling and declined to

3    reconsider its decision after Plaintiff submitted his notice of supplemental authority. *Fyk v.*

4    *Facebook, Inc.*, No. 21-16997, Dkt. Nos. 37, 38-1 and 39.

5          With respect to the only controlling authority cited, *Lemmon v. Snap, Inc.*, 995 F.3d 1085

6    (9th Cir. 2021), Plaintiff nowhere explains why it is relevant to the issues here, and the Court

7    discerns nothing in it that could possibly warrant vacating this years-old judgment. Critically, the

8    *Lemmon* court found that the cause of action at issue there did "not seek to hold Snap liable for its

9    conduct as a publisher or speaker," because plaintiffs' "negligent design lawsuit treats Snap as a

10   products manufacturer, accusing it of negligently designing a product (Snapchat) with a defect (the

11   interplay between Snapchat's reward system and the Speed Filter)." 995 F.3d at 1092. The court

12   confirmed that, by contrast, the plaintiffs "would not be permitted under § 230(c)(1) to fault Snap

13   for publishing other Snapchat-user content (*e.g.*, snaps of friends speeding dangerously) that may

14   have incentivized the boys to engage in dangerous behavior," because "attempting to hold Snap

15   liable using such evidence would treat Snap as a publisher of third-party content, contrary to our

16   holding here." *Id.* at 1093 and n. 4.

17         In this case, Judge White found that "all three of Plaintiff's claims arise from the

18   allegations that Facebook removed or moderated his pages," and held that "[b]ecause the CDA

19   bars all claims that seek to hold an interactive computer service liable as a publisher of third party

20   content, . . . the CDA precludes Plaintiff's claims." Dkt. No. 38 at 4. The Ninth Circuit directly

21   affirmed those holdings. Dkt. No. 46-3 at 2-5. So *Lemmon* is inapplicable on its own terms to the

22   circumstances already found (and affirmed) here.

23         Plaintiff obviously disagrees with this holding, and many others by this Court and the

24   Ninth Circuit. *See, e.g.,* Dkt. No. 63 at 6 ("This Court and the Ninth Circuit relied on policy and

25   purpose to apply 230(c)(1) in an unprecedentedly broad way (*i.e.*, unconstitutionally as applied) . .

26

27   _____

     opposition or reply was filed." And substantively, the decision is not binding and thus, like
28   Plaintiff's other nonbinding authorities, could not have changed the relevant controlling law
     underlying the entry of judgment against Plaintiff.

United States District Court
Northern District of California

United States District Court
Northern District of California

1   .).  Plaintiff has every right to his opinion.  But he does not have the right to perpetually relitigate

2   legal issues that have been definitively decided and affirmed on appeal.  It is irrelevant whether

3   Plaintiff thinks the Ninth Circuit got it wrong:  that court's decision is binding on this Court, and is

4   the final word on the matter unless and until the Supreme Court grants certiorari (which it has

5   twice declined to do in this case already).

6         Finally, nothing in the record undermines Judge White's earlier conclusion that Plaintiff

7   "has not shown the 'extraordinary circumstances' required under 60(b) for granting relief."  Dkt.

8   No. 51 at 2.  A losing party simply disagreeing with an adverse judgment is ordinary, not

9   extraordinary, and does not justify vacating the judgment.

10  **IV.    CONCLUSION**

11        Plaintiff's motion to vacate the judgment, Dkt. No. 61, is **DENIED**, and this case remains

12  closed with judgment having been entered in 2019 in favor of Defendant and against Plaintiff.

13  Accordingly, there is no basis for taking up Plaintiff's freestanding "motion re: the

14  (un)constitutionality" of Section 230(c)(1), and that motion, Dkt. No. 66, is **TERMINATED**.  The

15  Court reiterates that this case has long been over, and any further filings attempting to relitigate

16  matters already directly affirmed by the Ninth Circuit may result in, among other possible

17  consequences, an order to show cause why Plaintiff's counsel's *pro hac vice* status should not be

18  revoked.

19        **IT IS SO ORDERED.**

20  Dated:    1/12/2024

21

22  HAYWOOD S. GILLIAM, JR.

23  United States District Judge

24

25

26

27

28

4