# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
## Form 1. Notice of Appeal from a Judgment or Order of a
## United States District Court

Name of U.S. District Court: **U.S. District Court - N.D. California**

U.S. District Court case number: **4:18-cv-05159-HSG**

Date case was first filed in U.S. District Court: **06/18/2019**

Date of judgment or order you are appealing: **01/12/2024** (Attached as Ex. A)

Fee paid for appeal? *(appeal fees are paid at the U.S. District Court)*

◉ Yes   ○ No   ○ IFP was granted by U.S. District Court

**List all Appellants** *(List each party filing the appeal. Do not use "et al." or other abbreviations.)*

Jason Fyk (Plaintiff)

Is this a cross-appeal?  ○ Yes   ◉ No

If Yes, what is the first appeal case number?

Was there a previous appeal in this case?   ◉ Yes   ○ No

If Yes, what is the prior appeal case number?   **19-16232; 21-16997**

Your mailing address:

Greyber Law, PLLC

9170 Glades Rd., #161

City: **Boca Raton**   State: **FL**   Zip Code: **33434**

Prisoner Inmate or A Number (if applicable):

**Signature** */s/ Jeffrey L. Greyber*   **Date** 1/25/2024

*Complete and file with the attached representation statement in the U.S. District Court*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 1**                                      *Rev. 12/01/2018*

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT
### Form 6. Representation Statement

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form06instructions.pdf*

**Appellant(s)** *(List **each** party filing the appeal, do not use "et al." or other abbreviations.)*

Name(s) of party/parties:

Jason Fyk (Plaintiff)

Name(s) of counsel (if any):

Jeffrey L. Greyber (admitted pro hac vice)

Address: Greyber Law, PLLC, 9170 Glades Rd., #161, Boca Raton, FL 33434

Telephone number(s): (561) 702-7673

Email(s): jgreyber@greyberlaw.com

Is counsel registered for Electronic Filing in the 9th Circuit?   ◉ Yes   ○ No

**Appellee(s)** *(List only the names of parties and counsel who will oppose you on appeal. List separately represented parties separately.)*

Name(s) of party/parties:

Facebook, Inc.

Name(s) of counsel (if any):

Paven Malhotra

Address: Keker Van Nest & Peters LLP, 633 Battery Street, San Francisco, CA 94111

Telephone number(s): (415) 391-5400

Email(s): pmalhotra@keker.com

*To list additional parties and/or counsel, use next page.*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 6**                    *1*                    *Rev. 12/01/2018*

## REPRESENTATION STATEMENT

Per Ninth Circuit Rule 3-2, please find below the information for all parties to this action and their attorneys of record.

| Appellant | |
|---|---|
| **Jason Fyk,** *an Individual* (Plaintiff) | |
| **Jeffrey Lewis Greyber** (PRO HAC VICE)<br>Greyber Law, PLLC<br>9170 Glades Road<br>Ste #161<br>Boca Raton, FL 33434<br>561-702-7673<br>Fax: 833-809-0137<br>Email: jgreyber@greyberlaw.com | **Constance Jiun-Yee Yu**<br>Putterman Yu Wang LLP<br>345 California Street, Suite 1160<br>San Francisco, CA 94104<br>(415) 839-8779<br>Fax: (415) 737-1363<br>Email: cyu@plylaw.com |

| Appellee | |
|---|---|
| **Facebook, Inc.,** *a California corporation* (Defendant) | |
| **Paven Malhotra**<br>Keker Van Nest & Peters LLP<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>(415) 391-5400<br>Fax: (415) 397-7188<br>Email: pmalhotra@keker.com | **Matan Shacham**<br>Keker & Van Nest LLP<br>633 Battery Street<br>San Francisco, CA 94111-1804<br>415-391-5400<br>Fax: 415-397-7188<br>Email: mshacham@keker.com |
| **William Sellers Hicks**<br>Keker and Van Nest LLP<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>415-391-5400<br>Fax: 415-397-7188<br>Email: whicks@kvn.com | |

| United States of America (Miscellaneous) | |
|---|---|
| **Indraneel Sur**<br>US Department of Justice<br>Civil Division, Federal Programs Branch<br>1100 L St.<br>Rm. 12010<br>Washington, DC 20530<br>(202) 616-8488<br>Email: indraneel.sur@usdoj.gov | |

EXHIBIT A

1
2
3
4                    UNITED STATES DISTRICT COURT
5                 NORTHERN DISTRICT OF CALIFORNIA
6

7   JASON FYK,                          Case No.  18-cv-05159-HSG

8              Plaintiff,               **ORDER DENYING MOTION FOR**
                                        **RELIEF PURUSANT TO FED. R. CIV.**
9        v.                             **P. 60(B) AND TERMINATING**
                                        **MOTION RE: CONSTITUTIONALITY**
10  FACEBOOK, INC.,                     **OF 47 U.S.C. SEC. 230(C)(1)**

11             Defendant.               Re: Dkt. Nos. 61, 66

12       These motions are the latest in a long string of filings by Plaintiff in this closed case, in

13  which final judgment was entered in June 2019.  Dkt. No. 39.  The Court **DENIES** Plaintiff's

14  second Rule 60(b) motion, and consequently **TERMINATES** Plaintiff's motion regarding the

15  constitutionality of Section 230(C)(1) because there is no active case.

16  **I.     PROECEDURAL HISTORY**

17       In June 2019, Judge White, to whom this case was then assigned, dismissed the case

18  without leave to amend and entered judgment in favor of Defendant and against Plaintiff.  Dkt.

19  Nos. 38, 39.[1]  The Ninth Circuit affirmed that order in June 2020.  Dkt. No. 42.  The Ninth Circuit

20  then denied rehearing *en banc*, and the U.S. Supreme Court denied Plaintiff's petition for writ of

21  certiorari in January 2021.  Dkt. No. 45.  Just over two months later, Plaintiff filed his first motion

22  to vacate the judgment under Rule 60(b).  Dkt. No. 46.  Judge White denied that motion in

23  November 2021, finding that neither the Ninth Circuit's decision in *Enigma Software Group v.*

24  *Malwarebytes*, 946 F.3d 1040 (9th Cir. 2019), nor a statement by Justice Thomas in the Supreme

25  Court's denial of certiorari in that matter reversed any case law on which the dismissal order was

26  based, and also finding no "extraordinary circumstances."  Dkt. No. 51.  The Ninth Circuit

27

28  _____
    [1] The case was reassigned to the undersigned in August 2023.  Dkt. No. 65.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    affirmed that denial in October 2022, Dkt. No. 54, and the Supreme Court denied certiorari in

2    April 2023.  Dkt. No. 59.

3          Plaintiff now tries again to vacate the judgment, this time asserting that under Rule

4    60(b)(5), a "law change warrants reversal of the antiquated dismissal order," relying on six cases

5    discussed in the motion.  Dkt. No. 61 at 8-23.

6    **II.     LEGAL STANDARD**

7          Federal Rule of Civil Procedure 60(b), in relevant part, provides that "the court may relieve

8    a party or its legal representative from a final judgment, order, or proceeding for the following

9    reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence

10   that, with reasonable diligence, could not have been discovered in time to move for a new trial

11   under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or

12   misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied,

13   released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or

14   applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."  Fed.

15   R. Civ. P. 60(b).  Whether to grant relief under Rule 60(b) is a matter of the Court's discretion.

16   *Fantasyland Video, Inc. v. Cnty. of San Diego*, 505 F.3d 996, 1001 (9th Cir. 2007).

17   **III.    ANALYSIS**

18         The Court denies Plaintiff's Rule 60(b)(5) motion on the same basis underlying the

19   November 2021 denial: none of the authorities on which Plaintiff relies changed any controlling

20   precedent on which Judge White relied in dismissing the case and entering judgment.  Five of the

21   six cases Plaintiff cites are either out-of-circuit authorities, district court cases, or one Justice's

22   statement in a denial of certiorari by the Supreme Court.  None of these authorities are binding on

23   this Court, and by definition could not have changed the controlling legal framework for

24   interpreting Section 230(c)(1) in *this* Circuit (even assuming that such a change could be a basis

25   for Rule 60(b) relief, which the Court need not decide here).[2]  Moreover, as Defendant notes,

26

27   _____

     [2] Similarly, Plaintiff's December 2023 notice of supplemental authority attaches a district court
     decision from November 2022, around seven months before Plaintiff filed the current Rule 60(b)
28   motion.  Dkt. No. 73.  Plaintiff's notice is thus improper under Local Rule 7-3(d)(2), which
     authorizes filing a notice regarding only "a relevant judicial opinion published after the date the

                                                      2

United States District Court
Northern District of California

1  Plaintiff cited the Fourth Circuit's *Henderson* decision to the Ninth Circuit during his appeal of the

2  first Rule 60(b) denial, and the Ninth Circuit nonetheless affirmed that ruling and declined to

3  reconsider its decision after Plaintiff submitted his notice of supplemental authority.  *Fyk v.*

4  *Facebook, Inc.*, No. 21-16997, Dkt. Nos. 37, 38-1 and 39.

5  With respect to the only controlling authority cited, *Lemmon v. Snap, Inc.*, 995 F.3d 1085

6  (9th Cir. 2021), Plaintiff nowhere explains why it is relevant to the issues here, and the Court

7  discerns nothing in it that could possibly warrant vacating this years-old judgment.  Critically, the

8  *Lemmon* court found that the cause of action at issue there did "not seek to hold Snap liable for its

9  conduct as a publisher or speaker," because plaintiffs' "negligent design lawsuit treats Snap as a

10 products manufacturer, accusing it of negligently designing a product (Snapchat) with a defect (the

11 interplay between Snapchat's reward system and the Speed Filter)."  995 F.3d at 1092.  The court

12 confirmed that, by contrast, the plaintiffs "would not be permitted under § 230(c)(1) to fault Snap

13 for publishing other Snapchat-user content (*e.g.*, snaps of friends speeding dangerously) that may

14 have incentivized the boys to engage in dangerous behavior," because "attempting to hold Snap

15 liable using such evidence would treat Snap as a publisher of third-party content, contrary to our

16 holding here."  *Id.* at 1093 and n. 4.

17 In this case, Judge White found that "all three of Plaintiff's claims arise from the

18 allegations that Facebook removed or moderated his pages," and held that "[b]ecause the CDA

19 bars all claims that seek to hold an interactive computer service liable as a publisher of third party

20 content, . . . the CDA precludes Plaintiff's claims."  Dkt. No. 38 at 4.  The Ninth Circuit directly

21 affirmed those holdings.  Dkt. No. 46-3 at 2-5.  So *Lemmon* is inapplicable on its own terms to the

22 circumstances already found (and affirmed) here.

23 Plaintiff obviously disagrees with this holding, and many others by this Court and the

24 Ninth Circuit.  *See, e.g.,* Dkt. No. 63 at 6 ("This Court and the Ninth Circuit relied on policy and

25 purpose to apply 230(c)(1) in an unprecedentedly broad way (*i.e.*, unconstitutionally as applied) . .

26

27 opposition or reply was filed."  And substantively, the decision is not binding and thus, like

28 Plaintiff's other nonbinding authorities, could not have changed the relevant controlling law
   underlying the entry of judgment against Plaintiff.

United States District Court
Northern District of California

1   .).  Plaintiff has every right to his opinion.  But he does not have the right to perpetually relitigate

2   legal issues that have been definitively decided and affirmed on appeal.  It is irrelevant whether

3   Plaintiff thinks the Ninth Circuit got it wrong:  that court's decision is binding on this Court, and is

4   the final word on the matter unless and until the Supreme Court grants certiorari (which it has

5   twice declined to do in this case already).

6          Finally, nothing in the record undermines Judge White's earlier conclusion that Plaintiff

7   "has not shown the 'extraordinary circumstances' required under 60(b) for granting relief."  Dkt.

8   No. 51 at 2.  A losing party simply disagreeing with an adverse judgment is ordinary, not

9   extraordinary, and does not justify vacating the judgment.

10  **IV.    CONCLUSION**

11         Plaintiff's motion to vacate the judgment, Dkt. No. 61, is **DENIED**, and this case remains

12  closed with judgment having been entered in 2019 in favor of Defendant and against Plaintiff.

13  Accordingly, there is no basis for taking up Plaintiff's freestanding "motion re: the

14  (un)constitutionality" of Section 230(c)(1), and that motion, Dkt. No. 66, is **TERMINATED**.  The

15  Court reiterates that this case has long been over, and any further filings attempting to relitigate

16  matters already directly affirmed by the Ninth Circuit may result in, among other possible

17  consequences, an order to show cause why Plaintiff's counsel's *pro hac vice* status should not be

18  revoked.

19         **IT IS SO ORDERED.**

20  Dated:   1/12/2024

21

22  HAYWOOD S. GILLIAM, JR.
    United States District Judge

23

24

25

26

27

28

                                             4